[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 17, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-15698
Non-Argument Calendar

_____

D. C. Docket No. 03-22141-CV-ASG

ROBERT F. CLARKE,

Plaintiff-Appellant,

versus

HEALTH & HUMAN SERVICES,
Tommy Thompson, Secretary,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(April 17, 2006)**

Before CARNES, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

Robert F. Clarke, proceeding pro se, appeals (1) the district court's grant of

the U.S. Department of Health & Human Services's ("HHS") motion to dismiss his appeal of the administrative law judge's ("ALJ") denial of his claim for reimbursement from his Medicare + Choice Organization, AVMED Health Plan ("AVMED"), for medical procedures paid out-of-pocket, and (2) the district court's denial of his motion to reconsider or reopen the case.

## BACKGROUND

After his claim for reimbursement for medical procedures paid out-of-pocket was denied by AVMED, Clarke filed an appeal with an ALJ. The ALJ denied Clarke's appeal, and he timely appealed to the district court, arguing that the ALJ had abused her discretion in denying his claim. The district court adopted the magistrate judge's report and recommendation ("R&R"), which recommended granting HHS's Rule 12(c) motion to dismiss and denying Clarke's motion for summary judgment. Final judgment granting the Rule 12(c) motion was entered on December 1, 2004. In a letter styled "Followup to petition" dated December 6, 2004, but not filed with the district court until July 26, 2005, Clarke asked the court for information regarding the status of his case because he had received the final judgment but had not received a copy of the R&R, and he asked the court to rule in his favor on the underlying reimbursement claim. The district court denied Clarke's "Followup to petition," which it had construed as a motion

2

for reconsideration of the order dismissing his case. Clarke then filed a "request to open closed case due to nonreceipt of important papers," arguing that he had not received a copy of the R&R and stating that he had attempted to contact the court numerous times via facsimile with no response. On September 14, 2005, the district court denied Clarke's motion to reopen because he did not provide any "grounds for relief that were not already presented in his [last motion] or considered by the Court in entering" the final judgment. On October 7, 2005, Clarke filed a notice of appeal, which, when broadly read, indicates his intent to appeal both the dismissal of his case on December 1, 2004, and the September 14, 2005 denial of his motion to reopen.

## DISCUSSION

On appeal, Clarke first argues that the district court erred in granting HHS's motion to dismiss. The government responds that Clarke's appeal of the district court's dismissal order, entered December 1, 2004, is barred because he failed to file a notice of appeal within the applicable 60-day period.

We are "obligated to inquire into subject-matter jurisdiction sua sponte whenever it may be lacking." Cadet v. Bulger, 377 F.3d 1173, 1179 (11th Cir. 2004) (citation omitted). While the complaints of pro se litigants should be liberally construed, we have held that "[l]iberal construction does not mean liberal

3

deadlines." Wayne v. Jarvis, 197 F.3d 1098, 1104 (11th Cir. 1999), overruled on other grounds by Manders v. Lee, 338 F.3d 1304 (11th Cir. 2003). A notice of appeal in a civil case must be filed within 60 days if the United States is a party. Fed. R. App. P. 4(a)(1)(B). In a civil case, lack of notice of entry of an order or judgment does not excuse the failure to file a timely notice of appeal, except as provided in Fed. R. App. P. 4(a). Fed. R. Civ. P. 77(d). In civil cases, Fed. R. App. P. 4(a)(6) provides that a party who does not receive notice of the entry of an order or judgment may, by filing a motion within 180 days of the entry of the order or judgment or within 7 days of receipt of such notice, whichever is earlier, request the district court to reopen the time for appeal for a period of 14 days. Under the district court's local rules, "[a]ll civil and criminal pleadings, motions, and other papers tendered for filing shall . . . [n]ot be transmitted to the Clerk or any Judge by facsimile telecopier." S.D. Fla. R. 5.1(a)(7).

Clarke's October 2005 notice of appeal was not timely as to the entry of the final judgment of December 1, 2004. See Fed. R. App. P. 4(a)(1)(B). Clarke argued to the district court that he did not receive the R&R, but he never claimed that he did not receive copies of the court's order granting HHS's Rule 12(c) motion and the final judgment. In fact, in his "Followup to petition" he conceded that he received a copy of the final judgment only three days after it was entered.

4

Furthermore, he did not file any motion that could be construed as a motion to reopen the time for appeal until he filed his "Followup to petition" on July 26, 2005—237 days after the final judgment was entered. See Fed. R. App. P. 4(a)(6); Wayne, 197 F.3d at 1104. Finally, any motions or letters requesting similar relief that he sent via facsimile to the district court violated that court's local rules and were not properly filed. S.D.Fla.R. 5.1(a)(7).

Clarke next argues that the district court erred in denying his motion to reconsider or reopen because he never received the R&R or any responses to repeated facsimiles he sent to the court to inquire about the status of his case.

As an initial matter, we must determine under what authority Clarke's motion was filed.[1] Because the time requirement for the filing of a Fed. Rule Civ. P. 60(b) motion is liberal and allows for a filing simply within a "reasonable time," or under subsections (1), (2), and (3), within a year of judgment, Clarke's motion to reopen could only have been brought pursuant to Rule 60(b). See Vencor Hosps., Inc. v. Standard Life & Accident Ins. Co., 279 F.3d 1306, 1311 (11th Cir. 2002).

Under Rule 60(b), a litigant can request relief from a court order or

---

[1] There are three possibilities here: (1) a Fed. R. App. P. 4(a)(6) motion to reopen the time to appeal, which, as noted above, was untimely; (2) a Fed. R. Civ. P. 59 motion to alter or amend judgment, which was untimely because he did not file the motion within ten days of the entry of final judgment; or (3) a Fed. R. Civ. P. 60(b) motion for reconsideration.

5

judgment based upon a showing of, <u>inter alia</u>, "(1) mistake, inadvertence, surprise, or excusable neglect . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). In this case, Clarke did not state what part of 60(b) he was relying on when filing his motion to reopen, but claimed that he did not receive a copy of the R&R and did not know to file objections to it, which could be covered under either 60(b)(1), for excusable neglect, or the 60(b)(6) residual clause.

Indeed, we have held that "for purposes of Rule 60(b), excusable neglect is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence. . . . [W]hether a party's neglect of a deadline may be excused is an equitable decision turning on all relevant circumstances surrounding the party's omission." <u>Cheney v. Anchor Glass Container Corp.</u>, 71 F.3d 848, 850 (11th Cir. 1996) (citations and internal quotation marks omitted). Factors to be weighed in that analysis include "the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." <u>Id.</u> (brackets in original) (citations and quotations omitted). We also have held that a Rule 60(b)(6) motion, in which a court has discretion to grant a motion for "any

6

other reason justifying relief from the operation of the judgment," is intended "only for extraordinary circumstances." Toole v. Baxter Healthcare Corp., 235 F.3d 1307, 1316 (11th Cir. 2000) (citation omitted).[2]

Here, the district court did not abuse its discretion in denying the motion to reopen because it found that Clarke did not assert any new arguments or facts in his motion that would have changed the outcome of the final judgment. See Braxton v. Estelle, 641 F.2d 392, 397 (5th Cir. Unit A 1981) (finding that any error in failure to serve appellant with the R&R was harmless where the appellant did not allege new contentions or facts that he would have asserted by way of objections to the recommendation). Rather, he reiterated his prior arguments that he had not received the R&R and had attempted to fax the district court many times to inquire about his case. Furthermore, Clarke could not establish either (1) excusable neglect or (2) extraordinary circumstances for filing his motion to reopen over 200 days after entry of the final judgment, because although he stated that he attempted to file numerous inquiries with the district court concerning the final judgment as early as 5 days after that document was filed, he stated that his

_____

[2] We review a district court's denial of Rule 60(b) relief for an abuse of discretion. Burke v. Smith, 252 F.3d 1260, 1263 (11th Cir. 2001). In an appeal of the denial of a Rule 60(b) motion, or a motion construed as a Rule 60(b) motion, the appeal shall be limited to a determination of whether the district court abused its discretion in denying the motion, and it shall not extend to the validity of the underlying judgment. See Am. Bankers Ins. Co. of Fla. v. Northwestern Nat'l Ins. Co., 198 F.3d 1332, 1338 (11th Cir. 1999).

inquiries were made via facsimile, which violated the district court's local rule. S. D. Fla. R. 5.1(a)(7).

While Clarke was proceeding pro se, prior to the court's ruling on HHS's 12(c) motion, the magistrate had apprised him via court order that he must not send letters, motions, or other documents directly to the judges or the clerk, and he must adhere to the federal rules when filing papers with the court. Additionally, had he filed as many documents without answer from the court as he claims, it seems logical that he would change his manner of inquiry before 237 days had passed (from the December 1, 2004 final judgment to Clarke's motion filed on July 26, 2005). See Greenawalt v. Stewart, 105 F.3d 1268, 1273 (9th Cir. 1997) abrogation on other grounds recognized by Jackson v. Roe, 425 F.3d 654 (9th Cir. 2005) (holding that failure to appeal "may be attributable to inattention or inexperience, but neither deficiency constitutes an extraordinary circumstance that justifies Rule 60(b)(6) relief").

Accordingly, we dismiss the appeal insofar as it relates to the district court's dismissal of Clarke's reimbursement claim and affirm the denial of Clarke's motion to reopen his case.

**DISMISSED IN PART, AFFIRMED IN PART.**