[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-13866
Non-Argument Calendar
_____

D.C. Docket No. 2:16-cv-00776-SPC-CM

LOUIS MATTHEW CLEMENTS,

Plaintiff - Appellant,

versus

3M ELECTRONIC MONITORING,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(May 3, 2019)

Before WILLIAM PRYOR, MARTIN, and GRANT, Circuit Judges.

PER CURIAM:

Louis Clements, proceeding pro se, appeals the district court's denial of his motions for relief from a final judgment under Federal Rule of Civil Procedure 60(b).  Clements asked the district court to revisit its earlier determination not to grant him leave to amend his complaint against 3M Electronic Monitoring ("3M") to include an intentional infliction of emotional distress claim.  The district court denied Clements's Rule 60(b) motions as improper substitutions for a timely and proper appeal.  After careful consideration, we affirm.

## I.

Clements filed this products liability suit against 3M[1] on October 19, 2016. He later filed a second amended complaint raising claims of strict and negligent products liability.  He alleged that while he was on state probation, 3M's monitoring equipment repeatedly malfunctioned.  According to Clements, these malfunctions caused him to be arrested on several occasions for violating probation even though he always complied with the terms of his probation.  Clements further alleged that he spent 241 or 216 days in jail as a result of the errors made by the monitoring equipment.  He sought $14,460,000 in compensatory and punitive damages.  He stated that the Kafkaesque ordeal and the constant worry that he could go to jail at any time based on a mechanical error took a serious toll on his

---

[1] 3M has since been sold and renamed Attenti Electronic Monitoring.  For the sake of clarity and continuity, we continue to use 3M.

health.  Specifically, he stated that the continuous arrests and wrongful incarcerations left him with "PTSD [post-traumatic stress disorder], anger, anxiety, loss of appetite, fear (of retaliation), humiliation, stress, depression, nightmares, [p]sychological damage, [and] stomach and digestion problems."

3M moved to dismiss the complaint for failure to state a claim, arguing that the claims were time-barred under Florida's four-year statute of limitations for products liability actions.  3M also argued that Clements failed to allege that its monitoring equipment caused a "tangible physical harm to either Clements or to his property," which is required under Florida law to allege a products liability claim.  Clements filed a response opposing 3M's motion to dismiss and requested leave to amend his complaint to include an intentional infliction of severe emotional distress ("IIED") claim, which does not require an allegation of physical harm.

The district court granted 3M's motion to dismiss and dismissed Clements's suit with prejudice.  At no point did the district court's order mention or otherwise engage with Clements's request for leave to amend his complaint.  Shortly thereafter, Clements filed an "appeal of order to dismiss and motion to recuse," which the district court treated as a Rule 60(b) motion for reconsideration. Although Clements contested the district court's determination that his claims were untimely, he did not challenge the district court's failure to consider his request for

3

leave to amend his complaint to include an IIED claim.  The district court denied Clements's motion for reconsideration and recusal on September 21, 2017.  On appeal, this Court affirmed the district court's dismissal of Clements's suit.  See Clements v. Attenti US, Inc., 735 F. App'x 661, 664 (11th Cir. 2018) (per curiam) (unpublished).  Because Clements did not "argue on appeal that the district court erred in denying him leave to amend his complaint to allege a claim for [IIED]," this Court did not address "whether dismissal without leave to amend was appropriate."  Id.

Clements then filed three Rule 60(b) motions for reconsideration before the district court.  Each argued the district court erred by failing to consider his motion for leave to amend before dismissing his suit with prejudice.  He also argued the district court should have considered his negligent infliction of emotional distress claim.  The district court denied the motions, ruling that Clements could not use Rule 60(b) "as a substitute for a timely and proper appeal" after he failed to challenge on appeal the district court's failure to consider his motion for leave to amend.  The district court also observed that this was the first time Clements had ever mentioned a "negligent infliction of emotional distress" claim.  Clements timely appealed.

4

## II.

"[W]e review a district court's denial of a Rule 60(b)(6) motion for abuse of discretion." Aldana v. Del Monte Fresh Produce N.A., Inc., 741 F.3d 1349, 1355 (11th Cir. 2014). It is clear the district court should have addressed Clements's request for leave to amend his complaint during the motion to dismiss stage of litigation. See Burger King Corp. v. Weaver, 169 F.3d 1310, 1319 (11th Cir. 1999) ("Unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial." (quotation marks omitted and alteration adopted)). However, it is equally clear the district court did not abuse its discretion in denying Clements's instant Rule 60(b) motions.

Rule 60(b) permits district courts to "relieve a party . . . from a final judgment, order, or proceeding" on the basis of, among other things, a "mistake, inadvertence, surprise, or excusable neglect." However, "the law is clear that Rule 60(b) may not be used to challenge mistakes of law which could have been raised on direct appeal." Am. Bankers Ins. Co. of Fla. V. Nw. Nat. Ins. Co., 198 F.3d 1332, 1338 (11th Cir. 1999). Clements had the opportunity to challenge the district court's failure to address his motion for leave to amend both in his initial motion for reconsideration and during his first appeal to this Court. He did not.

Neither does Rule 60(b)(6) offer a path forward for Clements here. This catch-all provision justifies setting aside a final judgment only when "the

circumstances are sufficiently extraordinary to warrant relief." Aldana, 741 F.3d at 1355 (quotation marks omitted).  We recognize Clement's frustration as a pro se plaintiff as well as his claim that his lack of legal knowledge caused him to miss the district court's mistake.  However, inattention or inexperience by a pro se plaintiff ordinarily does not constitute an extraordinary circumstance that justifies Rule 60(b)(6) relief.  See Clarke v. Health & Human Serv., 180 F. App'x 840, 844 (11th Cir. 2006) (per curiam) (unpublished); see also Greenawalt v. Stewart, 105 F.3d 1268, 1273 (9th Cir. 1997) (per curiam), abrogation on other grounds recognized by Jackson v. Roe, 425 F.3d 654, 658–61 (9th Cir. 2005) (holding that neither a pro se plaintiff's "inattention [n]or inexperience . . . constitutes a[n] 'extraordinary circumstance' that justifies Rule 60(b)(6) relief").

To the extent Clement argues the district court should have granted his Rule 60(b) motion to reconsider his negligent infliction of emotional distress claim, that argument is without merit.  Clement never raised a negligent infliction of emotional distress claim in his complaint—only a negligent products liability claim.  The district court did not abuse its discretion in denying a Rule 60(b)(6) motion to address a claim Clement could have made but never did.

**AFFIRMED.**

6