09-3478-cv
Mendes Junior Int'l Co. v. Banco do Brasil

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 1st day of October, two thousand and ten.

Present:     ROSEMARY S. POOLER,
              PETER W. HALL,
                     *Circuit Judges*.
              MARK R. KRAVITZ,*
                     *District Judge*.

_____

MENDES JUNIOR INTERNATIONAL COMPANY,

                                *Plaintiff-Appellant*,

          -v-                                        09-3478-cv

BANCO DO BRASIL S.A., BB LEASING COMPANY,

                                *Defendants-Appellees*.

_____

Appearing for Appellee:     Jay Safer, Locke Lord Bissell & Liddell, LLP, New York, N.Y.

Appearing for Appellant:    David Zaslowsky, Baker & Mckenzie, LLP, New York, N.Y.
                            (Donald J. Hayden, Robert F. Kohlman, Effie D. Silva, *on the brief*).

---

* The Honorable Mark R. Kravitz, United States District Court for the District of Connecticut, sitting by designation.

Appeal from the United States District Court for the Southern District of New York (Carter, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Mendes International Company appeals from the July 22, 2009 opinion and order of the United States District Court for the Southern District of New York denying its Fed. R. Civ. P. 60(b) motion to reinstate its complaint. The district court previously dismissed Mendes' complaint in June 1998 on forum non conveniens grounds, with the condition that Mendes could apply to reinstate the complaint if Brazil refused to exercise jurisdiction. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Mendes originally commenced a suit in New York State Supreme Court against defendants Banco do Brasil, SA and BB-Leasing Company in 1996, seeking a declaratory judgment and more than $800 million in damages based on the defendants' alleged breaches of contract, breaches of fiduciary duty and failure to perform on various loan obligations. Defendants removed the case to federal court and moved to dismissed on the grounds of forum non conveniens, arguing Brazil was a more appropriate forum. *Mendes Junior Int'l Co. v. Banco do Brasil, S.A.*, 15 F. Supp. 2d 332 (S.D.N.Y. 1998) ("*Mendes I*"). Judge Carter granted the motion and dismissed the complaint for forum non conveniens on June 29, 1998. *Id.* He conditioned the dismissal on (1) the courts of Brazil having jurisdiction to adjudicate the claims asserted; (2) defendants agreeing to appear generally in any action asserting the present claims filed against it by plaintiff in Brazil; and (3) defendants waiving jurisdictional defenses as well as any statute of limitations defenses it did not have at the time the complaint was filed. *Id.* at 341.

Five years later, on May 14, 2003, Mendes commenced an action in Brazil, but the Brazilian courts declined to undertake jurisdiction. Mendes then moved to reinstate its action in the Southern District. Judge Carter found that Mendes presented the Brazilian courts with a complaint that differed materially from the one in the original action before him, including identifying the parties differently and structuring the facts so as to minimize any contacts the parties or the action had with Brazil. The district court based its conclusion on several key ways the Brazilian complaint differed from the American complaint, including (i) suing a different entity - Banco do Brasil S/A Cayman branch, rather than Banco do Brasil S/A, a Brazilian corporation; (ii) characterizing itself as a company without any authority to act in Brazil; and (iii) asserting there were no contacts with Brazil.

Mendes brought its motion to reinstate pursuant to Fed. R. Civ. P. 60(b)(6), which allows a court to vacate a previous order. We review the denial of a Rule 60(b)(6) motion for abuse of discretion. *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009). It is clear that Rule 60(b)(6) is "properly invoked only when there are extraordinary circumstances justifying relief" or "when the judgment may work an extreme and undue hardship." *Nemaizer v. Baker*, 793 F.2d 58, 63 (2d Cir. 1986). The burden of proof is on the party seeking relief from the judgment. *Pichardo v. Ashcroft*, 374 F.3d 46, 55 (2d Cir. 2004).

2

Under this standard and with the burden on Mendes, it cannot be said that the district court abused its discretion in finding Mendes failed to satisfy the conditions set forth for reinstatement by the district court in the original decision. The record demonstrates the district court neither committed an error of law nor of fact in its consideration of the Rule 60(b)(6) motion. Because we need not proceed any further in our analysis to decide this case, we express no opinion on the forum non conveniens arguments raised by the parties.

Accordingly, the judgment of the district court hereby is **AFFIRMED**.


FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk