11-3818-cv
Palacios v. Coca-Cola Co.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 28th day of September, two thousand twelve.

Present:
  CHESTER J. STRAUB,
  ROBERT D. SACK,
  ROBERT A. KATZMANN,
      *Circuit Judges*.

_____

JOSE ARMANDO PALACIOS, SARA RAMOS MONTOYA, RONY
VLADIMIR PALACIOS RAMOS, JOSE ALBERTO VICENTE CHAVEZ,
HERMINDA AMPARO SANTIAGO QUICH, MILDRED INDALECIA
VICENTE SANTIAGO, MARTHA ORALIA ARANGO MATIAS,
MARGARITA RAMOS QUICH,

  *Plaintiffs-Appellants*,

        v.                                No.  11-3818-cv

THE COCA-COLA COMPANY,

  *Defendant-Appellee*.

_____

For Plaintiffs-Appellants:      CHRISTIAN LEVESQUE, Conrad & Scherer, LLP, Washington,
                                D.C. (Terrence P. Collingsworth, Conrad & Scherer, LLP,
                                Washington, D.C., Emily M. Bass, New York, N.Y., *on the
                                brief*).

For Defendant-Appellee:         FAITH E. GAY (Sanford I. Weisburst, Adam M. Abensohn, *on
                                the brief*), Quinn Emanuel Urquhart & Sullivan, LLP, New
                                York, N.Y.


        Appeal from the United States District Court for the Southern District of New York
(Sullivan, *J.*).

        **ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and

**DECREED** that the judgment of the district court be and hereby is **AFFIRMED**.

        Plaintiffs-Appellants ("plaintiffs") appeal from an August 18, 2011 post-judgment order

entered by the United States District Court for the Southern District of New York (Sullivan, *J.*)

denying plaintiffs' motion to reinstate their claims.  In their Complaint, plaintiffs, who include

former union leaders at Guatemalan bottling and processing plants for products produced by

Defendant-Appellee The Coca-Cola Company ("Coca-Cola"), allege that Coca-Cola is

responsible for a wide range of violence and intimidation perpetrated against them as result of

their union activities.  By opinion and order dated November 19, 2010, the district court

conditionally dismissed the case for *forum non conveniens*, stating that it would consider

reinstating plaintiffs' claims, *inter alia*, in the event that "the highest court of Guatemala"

affirmed a refusal by the Guatemalan courts to exercise jurisdiction over those claims.  *Palacios

v. Coca-Cola Co.*, 757 F. Supp. 2d 347, 363 (S.D.N.Y. 2010).  Following dismissal of their

Complaint by the district court, plaintiffs re-filed their claims in a Guatemalan trial court.  The

Guatemalan court dismissed plaintiffs' claims for want of jurisdiction, a decision that plaintiffs

declined to appeal.  Instead, plaintiffs immediately returned to the district court and filed the

instant motion to reinstate their claims. We presume the parties' familiarity with the remaining facts and procedural history of this case.

A motion to reinstate a complaint under Rule 60 pursuant to the terms of a conditional *forum non conveniens* dismissal is reviewed for abuse of discretion. *Mendes Junior Int'l Co. v. Banco Do Brasil S.A.*, 394 F. App'x 787, 788 (2d Cir. 2010); *see also Transaero, Inc. v. La Fuerza Aerea Boliviana*, 162 F.3d 724, 729 (2d Cir. 1998) ("A district court would necessarily abuse its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence." (citations omitted)). We "subject the District Court's determinations on . . . foreign law issues to *de novo* review." *Seetransport Wiking Trader Schiffahrtsgesellschaft MBH & Co. v. Navimpex Centrala Navala*, 29 F.3d 79, 81 (2d Cir. 1994).

The district court's determination as to whether to dismiss an action for *forum non conveniens* is governed by a three-step inquiry:

> At step one, a court determines the degree of deference properly accorded the plaintiff's choice of forum. At step two, it considers whether the alternative forum proposed by the defendants is adequate to adjudicate the parties' dispute. Finally, at step three, a court balances the private and public interests implicated in the choice of forum.

*Norex Petroleum Ltd. v. Access Indus., Inc.*, 416 F.3d 146, 153 (2d Cir. 2005) (citations omitted).

In order to conclude that an alternate forum is adequate, a district court must have a "justifiable belief that the [alternate forum] would not decline to hear the case." *Bank of Credit & Commerce Int'l (Overseas) Ltd. v. State Bank of Pakistan,* 273 F.3d 241, 247 (2d Cir. 2001) (internal quotation marks omitted). However, a "district court may dismiss on *forum non conveniens* grounds, despite its inability to make a definitive finding as to the adequacy of the

3

foreign forum, if the court can protect the non-moving party by making the dismissal conditional." *Id.* at 247-48.

We have sanctioned a wide variety of conditions that a district court may impose on a party seeking reinstatement of an action dismissed on *forum non conveniens* grounds. As is specifically relevant here, we have previously cited with approval the condition that reinstatement will not be considered unless, in a decision "affirmed by [the alternate forum's] highest court," the alternate forum refuses to exercise jurisdiction over the action. *Aguinda v. Texaco, Inc.*, 303 F.3d 470, 477 (2d Cir. 2002). Here, the district court imposed exactly this type of condition in its *forum non conveniens* dismissal order, and plaintiffs concede that this condition has not been met. Accordingly, plaintiffs are not entitled to reinstate their claims unless they can demonstrate the "extreme hardship," *Harris v. United States*, 367 F.3d 74, 81 (2d Cir. 2004), or "grave miscarriage of justice," *United States v. Beggerly*, 524 U.S. 38, 47 (1998), necessary for relief from the effect of a final judgment under subsections (b) and (d) of Rule 60 of the Federal Rules of Civil Procedure. *See Mendes*, 394 F. App'x at 788 (affirming district court's denial of a Rule 60 motion to reinstate the complaint after a *forum non conveniens* dismissal, where the plaintiff had "failed to satisfy the conditions set forth for reinstatement by the district court in the original decision").

We conclude that plaintiffs have failed to meet this rigorous standard. Notably, a party is not entitled to relief under subsections (b) or (d) Rule 60 if it is seeking to be relieved from the consequences of its own "free, calculated, deliberate choices." *Ackermann v. United States*, 340 U.S. 193, 198 (1950); *see also United States v. Bank of N.Y.*, 14 F.3d 756, 759 (2d Cir. 1994) (holding that a party who "made a conscious and informed choice of litigation strategy . . .

4

cannot in hindsight seek extraordinary relief" under Rule 60(b)). In specific application of this general principle, several Courts of Appeals in other Circuits have held that a plaintiff may not overcome a *forum non conveniens* dismissal based on "the unavailability of an alternative forum when the unavailability is a product of its own purposeful conduct." *Compania Naviera Joanna SA v. Koninklijke Boskalis Westminster NV*, 569 F.3d 189, 203 (4th Cir. 2009); *see also MBI Grp., Inc. v. Credit Foncier du Cameroun*, 616 F.3d 568, 572 (D.C. Cir. 2010) ("A conditional forum non conveniens dismissal protects a plaintiff against the possibility that the foreign forum will not hear his case. It does not give the plaintiff license to deliberately prevent his suit in the foreign court from going forward in order to render an alternative forum defective."); *In re Bridgestone/Firestone, Inc.*, 420 F.3d 702, 707 (7th Cir. 2005) (same); *Veba-Chemie A.G. v. M/V Getafix*, 711 F.2d 1243, 1248 n.10 (5th Cir. 1983) (same).

Here, plaintiffs' failure to meet the condition for reinstatement of their claims, set forth in the district court's dismissal order, is entirely of their own making. In particular, plaintiffs declined to appeal the dismissal of their petition by the Guatemalan trial court, despite having a strong, good-faith basis for such an appeal. The district court's November 19, 2010 dismissal order was expressly predicated on the fact that Article 3 of Guatemala's 1997 Law for the Defense of Procedural Rights of Nationals and Residents (the "Defense Law") appeared to grant Guatemalan courts jurisdiction over plaintiffs' claims. *See Palacios*, 757 F. Supp. 2d at 356. Article 3 of the Defense Law provides that "'the national judges [of Guatemala] may reassume jurisdiction' following [a *forum non conveniens*] dismissal by a foreign judge." *Id.* The Guatemalan trial court did not cite or discuss Article 3 of the Defense Law in its order dismissing plaintiffs' petition. Moreover, it is not clear that the Guatemalan court was even

5

aware that Article 3 of the Defense Law may have provided it with jurisdiction over plaintiffs' petition, given that plaintiffs failed to cite or discuss the Defense Law in their petition to that court. Nor did the plaintiffs ever inform the Guatemalan court that the U.S. district court had dismissed their claim -- a fact that could have been pivotal on appeal. Here, plaintiffs identify no reason why Article 3 of the Defense Law does not grant Guatemalan courts with jurisdiction over their petition. For these reasons, we find plaintiffs' contention that they did not have a good-faith basis for appealing the dismissal of their petition wholly unconvincing.

On the basis of the foregoing, we agree with the district court's conclusion that plaintiffs are ineligible for relief from the effect of the district court's dismissal of their Complaint pursuant to Rule 60. The judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

6