[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-16143
_____

D.C. Docket No. 1:01-cv-03399-FAM

ANGEL ENRIQUE VILLEDA ALDANA,
JORGE AUGUSTIN PALMA ROMERO, et al.,

Plaintiffs - Appellants,

versus

DEL MONTE FRESH PRODUCE N.A., INC.,
BANDEGUA, Compania De Desarrollo De Guatemala, et al.,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(February 6, 2014)

Before MARCUS and DUBINA, Circuit Judges, and HODGES,[*] District Judge.

MARCUS, Circuit Judge:

---

[*] Honorable Wm. Terrell Hodges, United States District Judge for the Middle District of Florida, sitting by designation.

For the third time, we take up this case involving Guatemalan labor organizers who claim that Fresh Del Monte Produce, Inc. ("Del Monte, Inc.") and its subsidiaries were responsible for armed kidnapping, intimidation, and torture on a Guatemalan banana plantation in 1999.  When last we met, this Court affirmed the dismissal of Plaintiffs' claims for forum non conveniens.  Plaintiffs since filed a complaint in Guatemala, but the local court refused to hear the case because of that country's forum non conveniens blocking statute.  Without appealing that decision, Plaintiffs sought to reinstate their action in federal court.  The district court refused to reopen the case in the absence of exceptional circumstances pursuant to Rule 60(b)(6).  Fed. R. Civ. P. 60(b)(6).  Rule 60(b)(6) does not provide relief because on this record Plaintiffs cannot justify their failure to mention the blocking law or the unavailability of a foreign forum to the district court during the prior proceedings.  See Galbert v. W. Caribbean Airways, 715 F.3d 1290, 1294 (11th Cir. 2013), cert. denied, 134 S. Ct. 792 (2013).  The district court did not abuse its considerable discretion in refusing reinstatement when the Plaintiffs created the procedural plight they now challenge.  We affirm.

## I.

Plaintiffs are Guatemalan citizens and former officers of Sindicato de Trabajadores del Banano de Izabla (SITRABI), a labor union representing banana workers at the Zaculeu Lanquin Arapahoe Plantation in the Bobos District,

2

Municipality of Morales, Izabal, Guatemala (the "Bobos plantation"). Aldana v. Del Monte Fresh Produce, N.A., Inc. (Aldana I), 416 F.3d 1242, 1257 (11th Cir. 2005) (per curiam). Defendants are Del Monte, Inc.; Del Monte Fresh Produce Company ("Del Monte Fresh"); and Compania De Desarollo Bananero De Guatemala, S.A. ("Bandegua"). Plaintiffs state that Del Monte Fresh, a Delaware corporation, and Bandegua, a Guatemalan corporation, are wholly owned by Del Monte, Inc., a for-profit company with a principal place of business in Coral Gables, Florida. Del Monte, Inc. is one of the world's largest producers and distributors of bananas. Id.

In the fall of 1999, Plaintiffs were enmeshed in a bitter labor dispute at the Bandegua-owned Bobos plantation. See Aldana v. Del Monte Fresh Produce N.A., Inc. (Aldana II), 578 F.3d 1283, 1286 (11th Cir. 2009). Plaintiffs allege that on October 13 and 14, in retaliation for their union activities, an armed private security force employed by Defendants kidnapped, detained, and tortured them on the plantation. Id. Specifically, Plaintiffs claim that the armed security force held them for eight hours, repeatedly threatened them with imminent death, forced them at gunpoint to sign formal resignation letters and to make radio announcements acknowledging the union's defeat, and released them only after saying they would be killed if they did not flee the country. Id. Plaintiffs have since been granted political asylum in the United States. Id. at 1286-87.

3

We are well acquainted with this case.  Plaintiffs filed their first complaint in the United States District Court for the Southern District of Florida on August 2, 2001, asserting violations of international law through the Torture Victim Protection Act (TVPA) and the Alien Tort Statute (ATS), 28 U.S.C. § 1350.[1]  The complaint also included Florida tort claims.  In 2003, Defendants moved to dismiss for forum non conveniens.  The district court denied the motion, but in a subsequent ruling it dismissed on other grounds.  Villeda Aldana v. Fresh Del Monte Produce, Inc., 305 F. Supp. 2d 1285, 1291, 1308 (S.D. Fla. 2003).  Plaintiffs appealed the dismissal, while simultaneously filing state law claims in a Dade County, Florida, circuit court.  Aldana II, 578 F.3d at 1287.  A panel of this Court reversed the dismissal of the TVPA and ATS claims for torture and remanded to the district court.  Aldana I, 416 F.3d at 1253.

Meanwhile, the state court dismissed due to forum non conveniens, but said it would revisit its decision if the Plaintiffs were required to return to Guatemala in connection with the trial.  Aldana II, 578 F.3d at 1287.  A Florida appeals court affirmed.  Aldana v. Fresh Del Monte Produce Inc., 922 So. 2d 212 (Fla. 3d DCA

---

[1] Recent Supreme Court decisions may well bar Plaintiffs from stating claims grounded on the TVPA or ATS against the corporate Defendants for events occurring abroad.  See Kiobel v. Royal Dutch Petroleum Co., 133 S. Ct. 1659 (2013) (holding that the ATS does not apply to violations of the law of nations occurring within territory of a sovereign other than the United States); Mohamad v. Palestinian Auth., 132 S. Ct. 1702 (2012) (holding that the TVPA allows suits only against natural persons).  Because Plaintiffs are not otherwise entitled to relief under Rule 60(b)(6), we have no occasion to consider the impact of Kiobel and Mohamad on their claims.

4

2006) (unpublished table decision).  On remand in federal court, the district court also dismissed for forum non conveniens.  Following the state court's findings where necessary because of collateral estoppel, the district court concluded that each prong of the forum non conveniens inquiry favored dismissal: Guatemala provided an "adequate alternative forum" and all of the relevant private and public interest factors weighed heavily in favor of adjudication there.  Aldana II, 578 F.3d at 1288.  While the Plaintiffs contended that Guatemalan courts were not adequate because adjudication there placed their lives at risk, they in no way argued that a Guatemalan forum was unavailable.  Like the state court, the district court expressly preserved the "Plaintiff's right to seek reconsideration if any of the Plaintiffs are required to appear in person in Guatemala in order to litigate their claims."  Villeda Aldana v. Fresh Del Monte Produce, Inc., 01-3399-CIV, 2007 WL 3054986, at *6 (S.D. Fla. Oct. 16, 2007).  On appeal we affirmed, finding no abuse of discretion in the district court's determination.  Aldana II, 578 F.3d at 1300.  We concluded that Guatemalan courts were "adequate," despite the Plaintiffs' concerns with safety and corruption, and "available," when Plaintiffs did not contest that "Guatemala possesses jurisdiction over the entire case."  Id. at 1290.  In addition, we found that the district court did not err in determining that both the private and public interest factors weighed in favor of dismissal.  Id. at 1292-1300.

Plaintiffs unsuccessfully sought rehearing en banc, <u>Aldana v. Del Monte Fresh Produce N.A., Inc.</u>, 401 F. App'x 518 (11th Cir. Feb. 9, 2010) (unpublished table decision), and certiorari in the Supreme Court, <u>Aldana v. Fresh Del Monte Produce, Inc.</u>, 131 S. Ct. 102 (Oct. 4, 2010) (mem.).  After exhausting their options in an American judicial forum, the Plaintiffs filed an <u>ex parte</u> complaint in a trial court in the Department of Izabal, Puerto Barrios, Guatemala, on December 6, 2010.  Notably, in that submission Plaintiffs cited Decree 34-97, Guatemala's <u>forum non conveniens</u> blocking statute, which provides in relevant part:

> DEFENSE OF THE PROCEDURAL RIGHTS OF NATIONALS AND RESIDENTS ACT
>
> <u>Article 1.</u> Because it violates the rights guaranteed by the Political Constitution of the Republic and the judicial order of the Guatemala [sic], the theory of <u>Forum Non Conveniens</u> -- lack of jurisdiction due to inconvenient forum -- is declared unacceptable, inapplicable, and invalid when invoked to prevent the trial from continuing in the defendant's domicile Courts.
>
> <u>Article 2.</u> The action <u>in personam</u> validly filed abroad by a national plaintiff before a competent judge shall extinguish national jurisdiction which shall not be renewed unless a new claim is filed in the country in a spontaneous and totally free manner by the plaintiff.
>
> <u>Article 3.</u>  In the event a foreign judge is informed of the scope of this law and he declines to hear the case submitted to his jurisdiction, Guatemalan courts may reassume jurisdiction as an exceptional, measure and to avoid depriving Guatemalan nationals and residents of due process . . . .

The day after Plaintiffs submitted their complaint, the Guatemalan court issued a ruling refusing to hear the claims:

6

> [T]he said lawsuit is DENIED, due to the fact that after reading the lawsuit it is clear that the represented party has already filed a lawsuit for damages in the United States District Court, Southern District of Florida (Whereby [sic] this court is incompetent to hear this lawsuit. Regarding this subject, article 2 of the Law of Defense of Procedural Rights for Nationals and Residents, Decree 34-97 of the National Congress of the Republic of Guatemala, establishes that an action duly filed abroad by a national before a competent court precludes the national competence; being this the grounds to declare inadmissible the lawsuit filed.

Plaintiffs then moved to reinstate their suits both in state and federal court without appealing the decision in Guatemala. The Florida court refused to reopen the matter and the state appellate court affirmed. Aldana v. Fresh Del Monte Produce, 86 So. 3d 1127 (Fla. 3d DCA 2012) (unpublished table decision).

In contesting the federal motion, both sides put forth competing Guatemalan legal experts. Defendants submitted the declaration of Francisco Chavez Bosque, whose experience included 35 years of legal practice in Guatemalan courts and time as a law professor teaching civil procedure. According to Bosque, a plaintiff may challenge a judge's refusal to hear a case in a number of ways. First, a plaintiff may file a written objection with the judge called a nulidad. If the judge denies the nulidad, the plaintiff may appeal to the Court of Appeals. If the judge's rejection of a complaint violates due process, the decision of the Court of Appeals may be subject to additional appellate review via an amparo. Moreover, Bosque observed that "a judge's order refusing to admit a complaint is without prejudice, which means that the plaintiff may re-file the complaint with the same judge in a

7

revised form that addresses or corrects the deficiencies identified in the judge's original order of rejection." Bosque concluded that "Plaintiffs stated their claim in a deliberately weak manner and so as to induce its rejection" because they went out of their way to cite Decree 34-97 and failed to inform the judge that they were filing their claim in a spontaneous and totally free manner, which would have taken them outside the blocking law.

Plaintiffs countered with the declaration of Héctor Fajardo Villagrán, an experienced Guatemalan lawyer and former justice of the peace. Villagrán did "not believe that [the complaint] was written in a weak, incomplete, or deliberately misguiding manner." According to him, Plaintiffs need not have specified that their complaint was filed in a free and spontaneous manner, because "[i]n Guatemalan judicial practice, all legal actions are filed in an absolutely free and spontaneous manner." Villagrán did not contest that Guatemalan procedure provided an opportunity for a nulidad. Instead, he opined that a nulidad was not an option in this case because of the Code of Professional Ethics, which commands lawyers to "act with probity and good faith" and to "refrain from abusing the means of appeal."

On October 29, 2012, after staying the action pending the state court outcome, the district court denied Plaintiffs' motion for reinstatement. The district court determined that the relevant rule was the catch-all Rule 60(b)(6). The court

8

found that the motion had been filed within a reasonable amount of time, as required by Rule 60(c).  However, the court held that Plaintiffs had not met the high Rule 60(b)(6) bar:

> Plaintiffs' failure to file a [nulidad] in Guatemala and to exhaust their avenues for relief in their home country precludes this Court from finding the 'exceptional circumstances' standard is met.  Their abandonment of their appellate rights in Guatemala precludes the Court from finding that there is no avenue for relief, but for reinstating this case. . . . At a minimum, Plaintiffs should have filed a [nulidad] in Guatemala prior to seeking reinstatement here.  Absent that persistence by the Plaintiffs in the foreign jurisdiction, the Court cannot invoke the extraordinary remedy of Rule 60(b)(6) to grant relief.

Aldana v. Fresh Del Monte Produce, Inc., 01-3399-CIV, 2012 WL 5364241, at *7 (S.D. Fla. Oct. 30, 2012).  The district court did not address, and thus implicitly rejected, Plaintiffs' argument that attorneys would have broken ethical rules by filing a nulidad.  Nor did the court reach the question of whether collateral estoppel from the state court order would bar reinstatement of Plaintiffs' claims in federal court.  Plaintiffs filed a timely notice of appeal.  We have jurisdiction to review the district court's final order pursuant to 28 U.S.C. § 1291.

## II.

### A.

Plaintiffs must seek reinstatement of their claims through Rule 60, which lists grounds for relief from a final judgment.  Fed. R. Civ. P. 60; see Seven Elves,

Inc. v. Eskenazi, 635 F.2d 396, 401 (5th Cir. Jan. 1981).[2]  Plaintiffs ask us to reexamine the forum non conveniens decision entered by the district court and affirmed by this Court by arguing simply that the Guatemalan order showed Guatemala was not an available forum.  But Plaintiffs' argument is incomplete: they must explain how Rule 60 entitles them to relief from the previous judgment. While protests about the unavailability of a foreign forum surely bear on the Rule 60 analysis, Plaintiffs must make their case through that procedural framework.

Plaintiffs nevertheless contend that they need not invoke Rule 60 because they seek relief from a conditional judgment.  But they do not, and cannot, claim that the district court's condition for reinstatement has been satisfied.  The court's dismissal expressly preserved Plaintiffs' right to seek reconsideration if (and only if) they were required to appear personally in Guatemala.  Villeda Aldana, 2007 WL 3054986, at *6.  The Plaintiffs' motion to reinstate alleges the unavailability of relief in a Guatemalan forum, not that they were being forced to appear in Guatemala in person.  Nor can Plaintiffs now complain that the original forum non conveniens dismissal was inadequately conditioned.  Because Plaintiffs did not make that argument to the district court at the time or to this Court on direct appeal, any arguments to that effect have been waived or rejected.  See Access

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

Now, Inc. v. Sw. Airlines Co., 385 F.3d 1324, 1331 (11th Cir. 2004) ("[A]n issue not raised in the district court and raised for the first time in an appeal will not be considered by this court." (quoting Walker v. Jones, 10 F.3d 1569, 1572 (11th Cir. 1994))).

B.

We turn, then, to Rule 60(b), the procedural means by which a party may seek relief from a final judgment. "By its very nature, the rule seeks to strike a delicate balance between two countervailing impulses: the desire to preserve the finality of judgments and the 'incessant command of the court's conscience that justice be done in light of all the facts.'" Seven Elves, 635 F.2d at 401 (quoting Bankers Mortg. Co. v. United States, 423 F.2d 73, 77 (5th Cir. 1970)). The first five provisions of Rule 60(b) provide relief in specific circumstances, including in the event of mistake, fraud, or newly discovered evidence. Rule 60(b)(6) provides a catch-all, authorizing a court to grant relief from a judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Our case precedent has carefully constrained this open-ended language. "Rule 60(b)(6) motions must demonstrate 'that the circumstances are sufficiently extraordinary to warrant relief.'" Cano v. Baker, 435 F.3d 1337, 1342 (11th Cir. 2006) (per curiam) (quoting Toole v. Baxter Healthcare Corp., 235 F.3d 1307, 1317 (11th Cir. 2000)).

"Even then, whether to grant the requested [Rule 60(b)] relief is . . . a matter for the district court's sound discretion." Cano, 435 F.3d at 1342 (second alteration in original) (quoting Toole, 235 F.3d at 1317). Plaintiffs "must demonstrate a justification so compelling that the [district] court was required to vacate its order." Id. (alteration in original) (quoting Cavaliere v. Allstate Ins. Co., 996 F.2d 1111, 1115 (11th Cir. 1993)). Accordingly, we review a district court's denial of a Rule 60(b)(6) motion for abuse of discretion, Galbert, 715 F.3d at 1294, though we review the district court's interpretation of foreign law de novo. Cooper v. Meridian Yachts, Ltd., 575 F.3d 1151, 1163 n.5 (11th Cir. 2009).

Plaintiffs insist that, as a general matter, without a forum for litigating their claims they suffer extreme hardship and prejudice. In a case arising in the same procedural posture as this one, a recent panel of this Court rejected a similar argument. See Galbert, 715 F.3d 1290. In Galbert, the plaintiffs, residents of Martinique, France, sued a Colombian airliner and two Florida travel charter companies after a plane crashed en route from Panama to Martinique. Id. at 1292. The district court dismissed because of forum non conveniens and we affirmed. Pierre-Louis v. Newvac Corp., 584 F.3d 1052 (11th Cir. 2009). The plaintiffs then brought claims in a French court, though they argued in that forum that it lacked jurisdiction. Galbert, 715 F.3d at 1293. The French trial and appellate courts found jurisdiction but the Court of Cassation (the French Supreme Court) thought

12

otherwise and dismissed the matter.  Id. at 1293-94.  Upon filing a Rule 60(b)(6)

motion, the federal district court refused to reinstate plaintiffs' suit.  Id. at 1294.

This Court affirmed, tellingly noting:

> Though the Baptes consistently argued that Martinique was an
> unavailable forum in each of the French courts they encountered . . .
> they failed to raise that argument to the Southern District of Florida in
> 2007 during the pendency of Defendants' motion to dismiss.  Indeed,
> in its FNC order, the district court noted that the Baptes did not
> dispute the adequacy of Martinique as an alternate forum.  Moreover,
> in affirming the FNC order, this court noted that the Baptes "d[id] not
> challenge the district court's determination that Martinique is an
> adequate alternative forum or that they [could] reinstate their suit in
> Martinique without undue prejudice or inconvenience."   The
> appropriate time for a plaintiff to argue the unavailability of an
> alternate forum is in their brief opposing a defendant's motion to
> dismiss based on forum non conveniens.  The Baptes failed to do that
> in the district court.  They have also not offered any explanation for
> their failure to argue unavailability at the appropriate time in the
> Southern District of Florida instead of waiting until they presented
> their claims to the courts in Martinique.  Thus, the Baptes' motion to
> vacate appears to be nothing more than an effort to raise arguments in
> opposition to the forum non conveniens dismissal which they failed to
> raise initially in their opposition to Defendants' motion to dismiss.
> Such circumstances are not "sufficiently extraordinary" to warrant
> Rule 60(b)(6) relief.

Id. at 1295 (citations omitted).  Put differently, in Galbert a panel of this Court held

that a plaintiff who has no good explanation for failing to contest the availability of

a foreign forum during an initial forum non conveniens determination in federal

court is not entitled to Rule 60(b)(6) relief later on the basis of the foreseeable

unavailability of a foreign court.

At no point in the prior forum non conveniens litigation did Plaintiffs argue to the district court or, for that matter, to this Court that a Guatemalan forum was unavailable. At no time did they mention Decree 34-97, though they had cited that very statute previously to a Florida state court. Instead, Plaintiffs dwelled on the alleged inadequacy of Guatemalan courts. They cited "continued violence against trade union leaders," and insisted that the country's courts were "ill-equipped to adjudicate a case challenging the use of clandestine security forces to torture trade unionists in a country where trade unionists are routinely murdered, and judges turn a blind eye to such violence." Plaintiffs / Appellants' Opening Br. at 31, Aldana II, 578 F.3d 1283 (No. 07-15471). But Plaintiffs made no mention of availability. See Leon v. Millon Air, Inc., 251 F.3d 1305, 1311 (11th Cir. 2001) ("Availability and adequacy warrant separate consideration."). With Plaintiffs expressing no concerns about the possible unavailability of a Guatemalan judicial forum, the district court did not condition dismissal on a Guatemalan court accepting jurisdiction.

Of course, not every failure to argue unavailability would necessarily foreclose Rule 60(b)(6) relief when a Plaintiff is denied jurisdiction abroad. Thus, reinstatement might be proper when unavailability is unforeseeable, such as when a foreign forum adopts a new rule that prevents it from hearing the case. Cf. Bank of Credit & Commerce Int'l (Overseas) Ltd. v. State Bank of Pak., 273 F.3d 241,

14

246-47 (2d Cir. 2001) (remanding for reconsideration of forum non conveniens decision after repeal and replacement of foreign statute).  But Galbert specifically faulted the plaintiffs for not "offer[ing] any explanation for their failure to argue unavailability," observing that they may have omitted the argument for strategic reasons.  715 F.3d at 1295 (emphasis added).  Here, too, Plaintiffs offer no good reason for failing to contest availability in the first instance in federal district court.  In their briefs, Plaintiffs explained only that they did not bear the burden of disproving forum non conveniens before the district court.  At oral argument, for the first time, Plaintiffs claimed that collateral estoppel from the Florida state court decision prevented them from litigating the issue of availability before the district court.  But the procedural posture does not justify Plaintiffs' silence as to availability when, arguing the same motion, they strenuously challenged the adequacy of the Guatemalan courts -- both go to the merits of forum non conveniens.  And Plaintiffs do not explain why they failed to ask the district court to condition dismissal on availability of a Guatemalan forum in light of Decree 34-97.

At the time, Plaintiffs had a strategic reason not to contest availability.  Article 3 of Decree 34-97 specifies that if "a foreign judge is informed of the scope" of the blocking law "and he declines to hear the case . . . Guatemalan courts may reassume jurisdiction as an exceptional measure and to avoid depriving

15

Guatemalan nationals and residents of due process." Essentially, the Article 3 escape clause allows foreign courts to call the country's bluff: if judges know about the blocking law and dismiss for forum non conveniens anyway, Guatemalan courts will not leave claimants in the cold. Due to Article 3, arguing Decree 34-97 to the district court would have made Guatemalan availability more likely. Plaintiffs chose to remain silent. This type of gamesmanship is just the behavior we refused to reward in Galbert, when the plaintiffs "could have raised the same argument initially in their opposition to forum non conveniens dismissal in the Southern District of Florida. Because they failed to do so, possibly for strategy reasons, we conclude that their attempt to raise the argument anew in their motion to vacate must also fail." Id. at 1295. Plaintiffs are not entitled to Rule 60(b)(6) extraordinary relief because they did not challenge the unavailability of Guatemalan jurisdiction before and they offer no credible justification for that oversight now.

Moreover, the district court did not abuse its discretion in denying Rule 60(b)(6) relief when Plaintiffs did not pursue a reasonable appeal in the Guatemalan courts. Rule 60(b)(6) does not reward a party that seeks to avoid the consequences of its own "free, calculated, deliberate choices." Ackermann v. United States, 340 U.S. 193, 198 (1950); cf. id. at 197 (denying relief under Rule 60(b) because "[w]e cannot agree that petitioner has alleged circumstances

16

showing that his failure to appeal [a federal court order] was justifiable"). Under Rule 60(b)(6), "[a] party remains under a duty to take legal steps to protect his own interests." 11 Charles Alan Wright et al., Federal Practice and Procedure § 2864 (3d ed. 2013) (citing Ackermann, 340 U.S. at 197). The Rule 60(b)(6) emergency valve does not offer its extraordinary relief to a party that ties itself in knots in order to plead confinement.

In a recent and closely analogous Second Circuit case, former labor leaders sued Coca-Cola alleging violence and intimidation at Guatemalan bottling and processing plants. See Palacios v. Coca-Cola Co., 499 F. App'x 54, 55 (2d Cir. 2012) (summary order). The federal district court dismissed for forum non conveniens but, because the plaintiffs informed the court of Decree 34-97 and argued availability, the court attached a condition permitting reconsideration if the "case is dismissed in Guatemala under the Defense Law, and this result is affirmed by the highest court of Guatemala." Palacios v. Coca-Cola Co., 757 F. Supp. 2d 347, 363 (S.D.N.Y. 2010). After the plaintiffs filed their claims in a Guatemalan trial court and that court dismissed for want of jurisdiction, plaintiffs took no appeal. Palacios, 499 F. App'x at 55. In a summary order, the Second Circuit rejected Rule 60 reinstatement because the labor activists "declined to appeal the dismissal of their petition by the Guatemalan trial court, despite having a strong, good-faith basis for such an appeal." Id. at 56. The procedural facts in this case

17

closely resemble Palacios, except here Plaintiffs did not reference Decree 34-97, and thus did not ensure dismissal was conditioned on availability.  Absence of such a condition only makes Rule 60(b)(6) reinstatement more difficult here than in Palacios.  Rule 60(b)(6) does not more readily tolerate a plaintiff's failure to pursue jurisdiction in a foreign forum when that plaintiff fails to question availability upon dismissal.

We find further support from a related doctrine elaborated by other circuits: a party cannot avoid an initial forum non conveniens dismissal based on "the unavailability of an alternative forum when the unavailability is a product of its own purposeful conduct."  Compania Naviera Joanna SA v. Koninklijke Boskalis Westminster NV, 569 F.3d 189, 203 (4th Cir. 2009) (quoting In re Compania Naviera Joanna S.A., 531 F. Supp. 2d 680, 686 (D.S.C. 2007)); see MBI Grp., Inc. v. Credit Foncier du Cameroun, 616 F.3d 568, 572 (D.C. Cir. 2010) ("A conditional forum non conveniens dismissal protects a plaintiff against the possibility that the foreign forum will not hear his case.  It does not give the plaintiff license to deliberately prevent his suit in the foreign court from going forward in order to render an alternative forum defective."); In re Bridgestone/Firestone, Inc., 420 F.3d 702, 707 (7th Cir. 2005); Veba-Chemie A.G. v. M/V Getafix, 711 F.2d 1243, 1248 n.10 (5th Cir. 1983).

Though Plaintiffs could have sought a nulidad, they abandoned their appellate rights in Guatemala.  Plaintiffs acknowledge that Guatemalan law allows nulidads and other appellate challenges.  They counter only that they lacked a basis for appeal and thus were barred by ethical principles.  But Plaintiffs had at least one good faith ground for appeal.  Decree 34-97 makes an exception for claims filed "in a spontaneous and totally free manner."  Plaintiffs' expert admitted that Plaintiffs' Guatemalan action was "filed in a free and spontaneous manner."  Therefore, by submitting the declaration, Plaintiffs all but acknowledged that they had a good faith basis for appeal.  A party need not always pursue appellate options to the hilt to receive Rule 60(b)(6) relief.  But the failure to take any reasonable appellate steps can justify a district court's conclusion that exceptional circumstances are wanting.

In short, for two independent reasons, the district court did not abuse its considerable discretion in denying Rule 60(b)(6) relief:  Plaintiffs failed to argue availability when the case was originally dismissed for forum non conveniens; and they failed to pursue reasonable appellate options.[3]

C.

---

[3] Because we affirm the district court's determination that Plaintiffs were not substantively entitled to Rule 60(b) relief, we have no occasion to consider whether to affirm on an alternate ground of Rule 60(c) untimeliness.

19

Nor does Rule 60(d)(1) entitle Plaintiffs to relief.  That rule preserves a court's historical equity power to "entertain an independent action to relieve a party from a judgment, order, or proceeding."  Fed. R. Civ. P. 60(d)(1).  The Supreme Court has made clear that such "[i]ndependent actions must, if Rule 60(b) is to be interpreted as a coherent whole, be reserved for those cases of 'injustices which, in certain instances, are deemed sufficiently gross to demand a departure' from rigid adherence to the doctrine of res judicata."  United States v. Beggerly, 524 U.S. 38, 46 (1998) (quoting Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238, 244 (1944)).  Rule 60(d)(1) relief is only available if relief is required to "prevent a grave miscarriage of justice."  Id. at 47.  We have identified the following elements required for Rule 60(d)(1) relief:

> (1) a judgment which ought not, in equity and good conscience, to be enforced; (2) a good defense to the alleged cause of action on which the judgment is founded; (3) fraud, accident, or mistake which prevented the defendant in the judgment from obtaining the benefit of his defense; (4) the absence of fault or negligence on the part of defendant; and (5) the absence of any remedy at law.

Travelers Indem. Co. v. Gore, 761 F.2d 1549, 1551 (11th Cir. 1985) (quoting Bankers Mortg. Co., 423 F.2d at 79).

Plaintiffs cannot come close to establishing the requisite elements of an independent action.  As we've explained, during the original forum non conveniens proceedings, Plaintiffs at no point contested that Guatemalan courts were available to hear their claims.  And after dismissal in federal court, Plaintiffs failed to

challenge the <u>ex parte</u> denial of jurisdiction in Guatemala.  Plaintiffs show no "grave miscarriage of justice."  <u>Beggerly</u>, 524 U.S. at 47.  On balance, equitable considerations weigh against permitting Rule 60(d)(1) relief.  At all events, we can discern no abuse of discretion in the trial court's refusal to reopen the case.

**AFFIRMED.**