[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-12305
Non-Argument Calendar

_____

D. C. Docket No. 1:12-cv-02311-TWT

BRANDI ROBINSON,
NEKECIA MARTIN,
TEQUILA DUGGAN,

Plaintiffs-Appellees,

versus

ALRE M. ALSTON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(January 8, 2015)

Before HULL, MARCUS, and ANDERSON, Circuit Judges.

PER CURIAM:

Restaurant owner Alre Alston appeals the district court's denial of his

Motion to Compel Arbitration.  The district court concluded that Alston forfeited his right to arbitration based on his conduct during the litigation.  After careful review, we affirm, but on the alternative ground that Alston waived his arbitration right.

Plaintiffs Brandi Robinson, Nekecia Martin, and Tequila Duggan bring this action against Alston and two corporate entities for violations of the Fair Labor Standards Act.  In November 2012, the parties filed a consent motion to stay the proceedings pending arbitration, and the Court granted the motion.  Over the next several months, the parties exchanged information but failed to initiate arbitration. The Plaintiffs moved to reopen the case on June 27, 2013, and Alston failed to respond.  The Court granted the motion to reopen the case on July 26, 2013.  On April 9, 2014, Alston moved to compel arbitration and the district court denied the motion.  Alston took interlocutory appeal to this Court.

Alston argues that the arbitration agreements are valid and enforceable and his conduct during litigation was consistent with the agreements.  He contends that the district court erred by concluding that his failure to respond to Plaintiffs' motion to reopen constitutes a waiver or forfeiture of his contractual right to arbitration.  The choice to not oppose the motion to reopen, he claims, is consistent with procedure to seek arbitration.  And, therefore, the motion to compel arbitration is not procedurally equivalent to a motion for reconsideration of the

2

district court's reopening of the case.  Finally, he argues that the arbitration agreement delegated the question of waiver to the arbitrator as a gateway question.

The Plaintiffs argue now, and previously before the district court, that Alston delayed arbitration to transfer assets from the now bankrupt Defendant Ultimate Sports Bar, LLC to Blue Star Kitchen, Inc.  They support the district court's conclusion that the motion to compel arbitration is procedurally equivalent to a motion for reconsideration, and argue that this Court consequently has limited review of such a decision.  Alternatively, Alston waived his right to arbitration by invoking the machinery of litigation to prejudice the Plaintiffs.

This Court reviews de novo the legal conclusion that a party has waived its right to arbitration.  Ivax Corp. v. B. Braun of Am., Inc., 286 F.3d 1309, 1316 (11th Cir. 2002).  Whether to grant a motion for reconsideration pursuant to Federal Rule of Civil Procedure 60(b) falls within the discretion of the district court, and this Court will review for abuse thereof.  Aldana v. Del Monte Fresh Produce N.A., Inc., 741 F.3d 1349, 1355 (11th Cir. 2014).

The district court concluded that Alston forfeited his right to arbitration, explicitly noting that it did not reach the issue of waiver.  This Court need not decide today whether a failure to respond to a motion to reopen a case previously stayed for arbitration, alone, forfeits the right to arbitration.  Instead, this Court takes the related path and reviews de novo whether Alston waived his arbitration

3

right pursuant to the two-step test of <u>Ivax Corp. v. B. Braun of America, Inc.</u>, 286 F.3d 1309, 1315 (11th Cir. 2002). This Court may affirm the district court "on any ground supported by the record even if that ground was not considered by the district court," <u>Seminole Tribe of Fla. v. Fla. Dep't of Revenue</u>, 750 F.3d 1238, 1242 (11th Cir. 2014), and the parties have each argued the issue of waiver in their briefs.

This Court has established a two-part test to determine whether a party has waived its right to arbitrate. <u>Ivax</u>, 286 F.3d at 1315. "First, we decide if, under the totality of the circumstances, the party has acted inconsistently with the arbitration right, and, second, we look to see whether, by doing so, that party has in some way prejudiced the other party." <u>Id.</u> at 1315-16. We have also constructed guideposts for this test. "Waiver occurs when a party seeking arbitration substantially participates in litigation to a point inconsistent with an intent to arbitrate and this participation results in prejudice to the opposing party." <u>Morewitz v. W. of England Ship Owners Mut. Prot. & Indem. Ass'n (Luxembourg)</u>, 62 F.3d 1356, 1366 (11th Cir. 1995). "A party that substantially invokes the litigation machinery prior to demanding arbitration may waive its right to arbitrate." <u>Ivax,</u> 286 F.3d at 1316.

Alston acted inconsistently with his desire to arbitrate this case by ignoring correspondence from the Plaintiffs seeking to initiate the arbitration proceedings.

4

He instead chose to retain a bankruptcy attorney and take Ultimate Sports Bar, LLC into bankruptcy. Alston argues that he did not affirmatively invoke litigation machinery as required by Ivax, but rather his only action was inaction. However, Alston ignores that the Plaintiffs participated in both the district court and the bankruptcy proceedings, thus raising their litigation costs. Furthermore, Alston's failure to proceed to arbitration raised litigation costs. By ignoring requests from the Plaintiffs to initiate the arbitration hearing, he forced them to file additional motions with the district court.

In Morewitz, we concluded that "an insurer should [not] be permitted to collude with its insured to the detriment of the injured third-party," and doing so waived the insurer-defendant's arbitration right. 62 F.3d at 1366. The nature of the action differs in this case, but Alston delayed arbitration and possibly colluded with a third-party to transfer assets and then declare bankruptcy. The asset transfer and bankruptcy may or may not rise to the level of collusion, but the Plaintiffs still suffered a detriment in the form of additional litigation costs to add Blue Star Kitchen, Inc. as a defendant. Should the Plaintiffs succeed on the merits, they may also face adversity in collecting a judgment.

The bottom line in this case is that Alston had ample time after November 2012 to move this case to arbitration. Rather, he ignored the Plaintiffs' May 30, 2013 letter advising that, if we do not hear from you by the close of business on

June 14, 2013, we will inform the court that you have not been cooperative in arranging for arbitration, and therefore the litigation should be reopened. Alston did not respond to the May 30, 2013 letter. Plaintiffs then filed a Motion to Reopen Proceedings, attaching a copy of the May 30, 2013 letter and informing the court that Alston had not been cooperative in arranging for arbitration. Again, Alston failed to respond to the Motion, and also to the district court's order of July 26, 2013 reopening the litigation. Thereafter, despite numerous filings in the district court, Alston did not move to compel arbitration until April 9, 2014—more than 8 months after the district court reopened the litigation. He chose, instead, to transfer assets away from his business and hire a bankruptcy attorney. The totality of this conduct constitutes waiver of his arbitration right. We affirm the ruling of the district court.

AFFIRMED.