[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-11954

Non-Argument Calendar

_____

JAMES MCCONICO, JR.,
as one of the Intestated Estate of his Father
JMC Sr.,

Plaintiff-Appellant,

*versus*

TOP GOLF INTERNATIONAL INC.,
DOLF BERLE,
ERIK ANDERSON,
CALLAWAY GOLF COMPANY,
OLIVER G. BREWER, III, et al.,

2                    Opinion of the Court                22-11954

                                        Defendants-Appellees.

——————————————

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 2:21-cv-01024-LSC

——————————————

Before WILSON, NEWSOM, and ANDERSON, Circuit Judges.

PER CURIAM:

James McConico, proceeding *pro se*,[1] appeals the district court's denial of his post-judgment Federal Rule of Civil Procedure 60(b) motion for relief from the district court's refusal to vacate a prescreening order that prevented McConico from filing his civil complaint alleging Constitutional violations and various property claims under Alabama law. McConico alleged in his Rule 60(b) motion that the judgment was void because he had never consented to a magistrate judge presiding over his case and the magistrate judge lacked jurisdiction to order his complaint be withdrawn. On appeal, he argues that his Rule 60(b) motion should have been granted because he never consented to a magistrate

---

[1] McConico's motion for appointment of counsel is **DENIED** because the legal issues in this case are not complex, and McConico has shown himself to be capable of presenting his arguments. *See Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993); *Fowler v. Jones*, 899 F.2d 1088, 1096 (11th Cir. 1990).

judge presiding over his case, so the magistrate judge did not have jurisdiction and the judgment was void.[2]

When appropriate, we will review the denial of a Fed. R. Civ. P. 60(b) motion for abuse of discretion. *Aldana v. Del Monte Fresh Produce N.A., Inc.*, 741 F.3d 1349, 1355 (11th Cir. 2014). However, we review *de novo* a district court's ruling upon a Rule 60(b)(4) motion to set aside a judgment as void "because the question of the validity of a judgment is a legal one." *Burke v. Smith*, 252 F.3d 1260, 1263 (11th Cir. 2001) (quotation marks omitted). *Pro se* pleadings are generally held to a less stringent standard than pleadings drafted by attorneys and will be liberally construed. *Campbell v. Air Jam. Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014).

Under Rule 60(b) the court may relieve a party from a final judgment for several reasons, including fraud, a void judgment, or any other reason that merits relief. *See* Fed. R. Civ. P. 60(b)(3), (4), and (6). Rule 60(d)(3) provides that "[t]his rule does not limit a court's power to . . . set aside a judgment for fraud on the court." Fed. R. Civ. P. 60(d)(3). Rule 60(b)(6) motions must demonstrate that circumstances are sufficiently extraordinary to warrant relief. *Aldana*, 741 F.3d at 1355. Moreover, in order to prevail, an appellant must do more than show that a grant of his motion might have been warranted; he must demonstrate a justification for relief so compelling that the district court was required to grant relief. *Maradiaga v. United States*, 679 F.3d 1286, 1291 (11th Cir. 2012)

---

[2] McConico's motion to substitute his brief on appeal is GRANTED.

(citation and quotation omitted).  "A motion for reconsideration cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Cummings v. Dep't of Corr.*, 757 F.3d 1228, 1234 (11th Cir. 2014) (quotation marks omitted).

"Generally, a judgment is void under Rule 60(b)(4) if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law.  *Burke*, 252 F.3d at 1263 (quotation marks omitted).

The jurisdiction and powers of magistrate judges are set forth in 28 U.S.C. § 636. Magistrate judges "may be assigned such additional duties as are not inconsistent with the Constitution and laws of the United States."  28 U.S.C. § 636(b)(3).  A magistrate judge can be designated to hear even dispositive pretrial matters, if the magistrate judge's actions are submitted, along with proper objections thereto, for review by a district judge de novo.  28 U.S.C. § 636(b)(1)(B).

A review of the course of proceedings in the district court will facilitate an understanding of our resolution.  In July 2021, McConico filed a civil complaint against Top Golf International and its two CEOs, Dolf Berle and Erik Anderson; its parent company, Callaway Golf Company and its CEO, Oliver G. Brewer, III; West River Group and its CEO, Erik Anderson ; Providence Equity Partners and its CEO, Jonathan M. Nelson; Dundon Capital Partners, and its CEO Thomas Dundon; Jefferson County Civic Authority; Jefferson County Commission (collectively, "the

Defendants"). He alleged that he had bought property located in Alabama, but the seller later filed for foreclosure on the property. McConico further alleged that after the foreclosure, the Jefferson County Civic Authority unlawfully took possession of the property and sold it to the Defendants. He asserted that the Defendants' acquisition of the property was unlawful, and his ownership could not be divested. Additionally, he asserted that the Defendants failed to exercise reasonable care by failing to conduct a title search and that the Defendants had no valid defenses. He sought 31 million dollars in damages and the invalidation of the foreclosure and any contracts based on the foreclosure.

The same day he filed his complaint, McConico filed a motion to vacate a 1997 order that required prescreening of any filings by McConico ("1997 Prescreening Order"). He argued that the order should not be enforced because it was 24 years old, and enforcing the order would be "laughable" and violations of his First, Seventh, and Fourteenth Amendment rights. McConico contended that as a paying litigant, his claims should not be subject to a frivolity analysis. He further argued that the Prison Litigation Reform Act ("PLRA") warranted vacating the 1997 Prescreening Order and rendered it moot because he had three strikes under the PLRA, and therefore, could not bring a lawsuit. Docket Entry #3 is a notice that the case was assigned to a magistrate judge.

On August 12, 2021, a magistrate judge entered an order to withdraw McConico's complaint, refund his filing fee, and close the case because the 1997 Prescreening Order required that no

filing from McConico be accepted without prescreening by a judge or magistrate judge. Alternatively, the magistrate judge noted that McConico's complaint was patently frivolous and without merit, the court lacked subject matter jurisdiction, and his claims were barred by relevant statutes of limitation.

On September 8, 2021, the magistrate judge entered a second order, which noted that McConico had submitted three sets of documents that he wished to file. The magistrate judge denied his request to file the documents so far as the documents sought reconsideration of the rejection of his lawsuit against the Defendants, because his requests were patently frivolous and without merit. However, the magistrate judge concluded that his challenges to the 1997 Prescreening Order should be considered because McConico had tried to pay the filing fee instead of filing *in forma pauperis*, and the length of time since the issuance of the order made it unclear whether the order was still necessary to protect the court's docket from abuse. The magistrate directed the Clerk to file McConico's filing related to his objections to the 1997 Prescreening Order and assign a district judge to the case to review the objections.

McConico's objections were entered into the record. (Doc. 8). As relevant to challenging the 1997 Prescreening Order, McConico argued that he never consented to a magistrate judge presiding over his case and the magistrate judge, therefore, did not have the authority to enforce the order. He objected to the court's failure to rule on his motion to vacate the 1997 Prescreening order, and he argued that his payment of the filing fee negated the 1997

Prescreening Order because only the claims of non-paying litigants are subject to review for frivolity.

The case was reassigned to Judge Coogler. Judge Coogler reviewed McConico's objections to the 1997 prescreening order and overruled them, noting that the order was put in place in 1997 because at the time, McConico had filed over forty frivolous complaints since 1990. Additionally, the day before the magistrate judge ruled, McConico's objections, the district court had refused to vacate the 1997 Prescreening Order in another case pending before the district court at the time, ruling that McConico continued to file patently frivolous civil actions that were without merit and there was no reason to vacate the 1997 Prescreening Order. Thus, Judge Coogler, in McConico's case, overruled McConico's objections to the 1997 prescreening order, thus approving the magistrate judge's recommendation and enforcing the 1997 prescreening order.

McConico appealed both the withdrawal of his complaint and the district court's order refusing to vacate the 1997 Prescreening Order, but both appeals were dismissed for want of prosecution after McConico failed to pay filing fees.

In April 2022, McConico filed a motion for relief from judgment under Federal Rules of Civil Procedure 60(b)(3), (4), (6) and 60(d)(3). He argued that the Clerk of Court prevented his family from filing his lawsuit and then falsely claimed he had consented to a magistrate judge presiding over the case. He contended that the Clerk committed fraud because he never consented to the

magistrate judge, and without his consent, the magistrate judge never had jurisdiction to make a finding regarding the statute of limitations of his claims.  McConico argued that the Clerk of Court and the magistrate judge conspired to "change the narrative" to provide the magistrate judge with subject matter jurisdiction using "fraudulently implied consent."

Judge Coogler denied the Rule 60 motion.  He concluded that there was no fraud or any other reason to void the judgment. To the extent that McConico challenged the role of the magistrate judge, Judge Coogler held that the magistrate judge properly exercised his authority under 28 U.S.C. § 636 because the magistrate judge's rulings were reviewed and accepted by the district court. And Judge Coogler rejected McConico's challenges to the 1997 prescreening order, relying on Eleventh Circuit cases approving such prescreening orders.

McConico timely filed a notice of appeal.  The case was initially dismissed for want of prosecution, but it was reinstated after McConico moved to set aside the dismissal.

Here, Judge Coogler did not abuse his discretion by denying McConico's Rule 60(b) motion.  *Aldana*, 741 F.3d at 1355.  Judge Coogler did not err in rejecting McConico's arguments based on Rule 60(b)(3) and (6) because there was no fraud or other reason to grant relief from the judgment.  And Judge Coogler did not err in rejecting McConico's arguments under Rule 60(b)(4) because McConico failed to show that there was a lack of jurisdiction or a violation of due process.  *Burke*, 252 F.3d at 1263.  Contrary to

McConico's suggestion, his consent to the magistrate judge's actions in this case was not required. The magistrate judge's actions were reviewed by Judge Coogler who overruled McConico's objections. And Judge Coogler enforced the 1997 prescreening order.

For the foregoing reasons, the judgment of the district court is

**AFFIRMED.**