[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-12103
Non-Argument Calendar
_____

D.C. Docket No. 0:15-cv-60019-RNS


A&F BAHAMAS LLC,
a Florida limited liability company,

Plaintiff-Appellee,

versus

WORLD VENTURE GROUP, INC., et. al.,
a New York corporation,

Defendants,

DESMOND BRUNTON,

Defendant-Appellant,
_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(January 3, 2020)

Before WILLIAM PRYOR, JILL PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Two years after the district court issued a final judgment against him, Desmond Brunton[1] moved to vacate the judgment under Rule 60(b).  The district court denied Brunton's motions and he now appeals to us.  After carefully reviewing the facts and record before us, as well as the arguments made by both parties and the district court's opinions, we affirm its denial of Brunton's motions.

## I. BACKGROUND

### A. The Underlying Litigation

A&F Bahamas LLC ("A&F") filed the underlying lawsuit in the Southern District of Florida on January 5, 2015, relating to fallout from the development of a golf course and resort in the Bahamas.  A&F, a corporation formed by Alfred Abiouness, Jr., and Robert Fortson, sought to construct the Cotton Bay Club in Eleuthera, Bahamas, as a member of Global Ventures Jersey ("GVJ").  GVJ claimed that it was approached by Randall Farr and ICON Commercial Lending as potential direct financiers of GVJ's obligations, who then connected them with Desmond Brunton and D. Geno Brunton (Desmond's son), who were officers of World Venture Group, Inc., and World Venture Capital, Inc.  A&F contracted with

---

[1] Unless specified otherwise, when we refer simply to Brunton hereafter, we refer only to Desmond Brunton.

2

the Bruntons to provide financing for its project, but the financing eventually fell through.

In the instant case, A&F sued the following persons or entities:  World Venture Group, Inc.; World Venture Capital, Inc.; Icon Commercial Lending, Inc.; both Bruntons; Amy Roy-Haeger; and Farr.  Its complaint alleged violations of several provisions of the Securities Act of 1933; the Florida Securities and Investor Protection Act; breach of contract; fraudulent misrepresentation; conversion; negligent misrepresentation; breach of fiduciary duty; and violations of the Racketeer Influenced and Corrupt Organizations Act.

A&F provided certificates of service for all defendants but Desmond Brunton.  Despite that fact, defense counsel ostensibly appeared on behalf of all the defendants, including Desmond Brunton.  Defendants moved to compel arbitration, which the court granted.  While the arbitration was ongoing, the counsel representing defendants withdrew its representation and was replaced with the court's permission.  The arbitrator ultimately found in favor of A&F and awarded it $1,572,743.88 in damages in April 2016.  A&F moved the district court to confirm the award and enter final judgment against the defendants, which the court did on August 22, 2016.

3

**B. Brunton's Motion to Vacate**

On September 20, 2018, Desmond Brunton—through his current counsel at Akerman LLP—moved the district court to vacate the final judgment under Federal Rule of Civil Procedure 60(b)(4) and (6).  Brunton's argument is rather novel.  Regarding Rule 60(b)(4), which allows the court to "relieve a party or its legal representative from a final judgment, order, or proceeding" if "the judgment is void," Brunton argued that he was not served with process in the underlying lawsuit and that the Southern District of Florida lacked personal jurisdiction over him.  And as to Rule 60(b)(6), which allows a district court to relieve a party of a judgment, order, or proceeding for "any other reason that justifies relief," Brunton argues that "attorneys that were never engaged by [him] or authorized to represent him took multiple positions in this case on his behalf that were contrary to the facts and against [his] interests."  In other words, the attorneys ostensibly representing him were not *actually* representing him, and therefore, he was entitled to relief from the district court's order.

A&F responded to Brunton's motion with a fourfold argument: (1) that Brunton's motion was untimely; (2) that Brunton *did* participate in the litigation; (3) that Brunton *also* participated in the arbitration; and (4) that Brunton waived any defense relating to personal jurisdiction or lack of service of process.  A&F attached to its response several exhibits, including the response filed by Spencer

4

Sax of Sax Sachs Caplan, who represented that he was Brunton's counsel, on March 4, 2015 ("Exhibit B"); a request for documents filed by Payton Bidari on December 31, 2015, who ostensibly represented Brunton ("Exhibit E"); an affidavit sworn by Bidari under penalty of perjury on January 15, 2016, stating that he represented Brunton ("Exhibit F"); a motion for dismissal filed by Bidari on Brunton's behalf on January 15, 2016, which argued, *inter alia*, that personal jurisdiction against Brunton "is absent"[2] ("Exhibit H"); a response to A&F's request for production of documents filed by Bidari on Brunton's behalf on February 3, 2016 ("Exhibit G"); an affidavit from Brunton stating that he had made travel arrangements to visit his son, Geno Brunton, starting on April 25, 2016, and that he would be in California until May 1, 2016, or longer ("Exhibit J"); and an affidavit from attorney Matthew R. Kamula, of Dunlap Bennett & Ludwig PLLC, stating that he had served Brunton and his son with notices of the arbitration hearing, supplemented with email messages and postal delivery slips ("Exhibit K").

Brunton responded by arguing that there was no time requirement for his motion; that he was not represented by Sachs Sax Caplan or Dunlap Bennett & Ludwig PLLC; and that he did not participate in the arbitration proceedings. In an

---

[2] Here, Bidari's argument was that none of the respondents, including Brunton, "are residents of Florida except for the defunct corporate claimant," "none of the respondents consented to jurisdiction," and that "none of the named respondents are present in Florida."

attached affidavit ("Exhibit 1"), he stated that he did not engage or authorize Bidari, Kamula, or their law firms to represent him in the arbitration proceeding.

Brunton subsequently filed several additional documents in support of his motion.  These documents included a retainer agreement produced by Sachs Sax Caplan signed by Brunton's son, ostensibly "on behalf of" Brunton ("Exhibit 1"); a letter from Sachs Sax Caplan stating that it "possesses no information relative to direct written or oral communications with Desmond Brunton" ("Exhibit 2"); and an email from Kamula stating that he had no documents in response to A&F's request for documents evidencing an attorney-client relationship with Brunton ("Exhibit 3").

The district court denied Brunton's motion.  Regarding Brunton's Rule 60(b)(4) claim, it concluded that Brunton waived his service and personal jurisdiction-based arguments "because he appeared through counsel and failed to raise that argument in his motion to dismiss," in violation of Federal Rule of Civil Procedure 12(b).  Moreover, even assuming *arguendo* that Brunton was correct that the counsel *ostensibly* representing him wasn't *actually* doing so, the district court concluded that the 11-month delay between Brunton's admitted awareness of the judgment against him in October 2017 and moving to vacate the judgment in September 2018 constituted "unjustified delay."  Accordingly, it concluded that Brunton had sat on his rights and waived his right to object to the judgment under

6

Rule 60(b)(4).  As to Brunton's claim under Rule 60(b)(6), the district court concluded that Brunton had not raised it within a "reasonable time," as the Rule requires, and therefore it rejected the argument.  Brunton timely appealed to us.

## II. DISCUSSION

A district court "may relieve a party or its legal representative from a final judgment, order, or proceeding" when "the judgment is void" under Rule 60(b)(4) or for "any other reason that justifies relief" under Rule 60(b)(6).  We review the district court's ruling on a Rule 60(b)(4) motion *de novo*, Architectural Ingenieria Siglo XXI, LLC v. Dominican Republic, 788 F.3d 1329, 1337–38 (11th Cir. 2015) (citation omitted), and on a Rule 60(b)(6) motion for abuse of discretion.  Aldana v. Del Monte Fresh Produce N.A., Inc., 741 F.3d 1349, 1355 (11th Cir. 2014) (citation omitted).  Brunton seeks to void the district court's judgment under both Rule 60(b)(4) and Rule 60(b)(6), and sought to do so in the same motion.  However, because these are different reasons with different requirements and deadlines, we address them separately.

### A. Brunton's Rule 60(b)(4) Motion

"A judgment can be set aside for voidness [under Rule 60(b)(4)] where the court lacked jurisdiction or where the movant was denied due process.  This includes lack of personal jurisdiction and defective due process for failure to effect proper service."  Stansell v. Revolutionary Armed Forces of Colombia, 771 F.3d

7

713, 736–37 (11th Cir. 2014) (citations omitted).  Unlike most motions for relief from judgment under Rule 60(b), which are "addressed to the discretion of the court," a motion under Rule 60(b)(4) does *not* present a "question of discretion." 11 Charles A. Wright et al., Fed. Prac. & Proc. Civ. §§ 2857, 2862 (3d ed. 2019). A district court's failure to vacate a void judgment under Rule 60(b)(4) constitutes "*per se* abuse of discretion."  De Gazelle Grp., Inc. v. Tamaz Trading Establishment, 817 F.3d 747, 748 (11th Cir. 2016).

Because of the "jurisdictional and due process concerns" of Rule 60(b)(4) motions, they are exempted from Rule 60(c)(1)'s timing requirements.  Stansell, 771 F.3d at 738.  Rule 60(c)(1) ostensibly requires that all motions under Rule 60(b) be "made within a reasonable time," but this requirement does not apply to a motion under Rule 60(b)(4).  Hertz Corp. v. Alamo Rent-A-Car, 16 F.3d 1126, 1130 (11th Cir. 1994); see also Wright et al., supra § 2862.  Instead, they are subject to "very generous timing considerations."  Stansell, 771 F.3d at 738.

But this generosity only extends so far.  It is manifestly not the case that a Rule 60(b)(4) motion can be raised at *any* time under *any* circumstances.  Instead, even though Rule 60(c)(1)'s "reasonable time" requirement does not apply to Rule 60(b)(4) motions, litigants are nonetheless required to diligently pursue their rights. In other words, "Rule 60(b)(4) does not provide a license for litigants to sleep on

8

their rights." United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 275 (2010).

Brunton's argument here is essentially that: (1) the district court erred by determining that he waived his objections by failing to include them in his first responsive pleadings, because those pleadings were not filed by attorneys who actually represented him; and (2) the district court ran afoul of our precedent by determining that he sat on his rights.

Like the district court before us, we need not reach Brunton's first argument because we elect to affirm on our analysis of his second argument. See Am. United Life Ins. Co. v. Martinez, 480 F.3d 1043, 1059 (11th Cir. 2007) ("[W]e may . . . affirm a district court's decision to grant or deny a motion for any reason[.]"). Brunton's narrative, as we understand it, is that at least three lawyers and law firms each decided, independently, to misrepresent that they represented him, resulting in their filing responsive pleadings on Brunton's behalf that failed to timely raise the Rule 12(b)(6) objections that he now alleges. However, we respectfully decline Brunton's invitation to wade through the record and determine whether this unusual narrative is grounded in fact or fiction.

Instead, we determine that, by failing to pursue relief under Rule 60(b)(4) until more than 2 years had elapsed since the district court issued its judgment and 11 months after Brunton admits he was made aware of the judgment, Brunton sat

9

on his rights.  His argument here—that the district court misunderstood our caselaw—itself misunderstands our caselaw.  As we have explained, though Rule 60(b)(4) is not subject to Rule 60(c)(1)'s "reasonable time" requirement, that does not mean it is subject to *no* temporal requirements.  Stansell, 771 F.3d at 737–38.  In Stansell, we held that the district court properly denied the party's Rule 60(b)(4) motion to vacate the court's order granting a writ of garnishment when he "knowingly sat on his rights for *nine* months before filing anything at all with the district court[.]"  Id. at 737 (emphasis added).

Even assuming, *arguendo*, that Brunton's narrative is an accurate description of what happened, he nonetheless admits that he was aware of the district court's judgment by October 2017, when he learned that A&F "was attempting to enforce a judgment entered against [him] in this action in Barbados."  He then waited eleventh months to file his Rule 60(b)(4) motion.  Brunton's argument here is weaker than the movant's argument in Stansell, where the movant waited *nine* months to move the court to vacate its order.  Accordingly, we affirm as to this ground.

### B. Brunton's Rule 60(b)(6) Motion

A Rule 60(b)(6) motion allows a party to request that the district court vacate its judgment for "any other reason" not covered by the remainder of Rule 60(b) "that justifies relief."  This is "an extraordinary remedy[.]"  Ritter v. Smith,

10

811 F.2d 1398, 1400 (11th Cir. 1987).  We have "carefully constrained this open-ended language," Aldana v. Del Monte Fresh Produce N.A., Inc., 741 F.3d 1349, 1355 (11th Cir. 2014), and require that movants "demonstrate 'that the circumstances are sufficiently extraordinary to warrant relief.'"  Cano v. Baker, 435 F.3d 1337, 1342 (11th Cir. 2006) (quoting Toole v. Baxter Healthcare Corp., 235 F.3d 1307, 1317 (11th Cir. 2000).  Accordingly, we leave it to "the district court's discretion to grant it in order to do justice," Ritter, 811 F.2d at 1400, and on appeal, a movant "must demonstrate a justification so compelling that the court was required to vacate its order."  Solaroll Shade and Shutter Corp . v. Bio-Energy Sys., Inc., 803 F.2d 1130, 1132 (11th Cir. 1986).

Moreover, unlike Rule 60(b)(4) motions, a Rule 60(b)(6) motion *is* constrained by Rule 60(c)(1)'s requirement that the motion "be made within a reasonable time."  See Stansell, 771 F.3d at 738.  Though Rule 60(c)(1) establishes a one-year limit on when Rule 60(b)(6) motions can be filled, we have previously rejected a motion as unreasonably filed when the movant waited only five months to file it.  Id. at 737.

We note at the outset that we have never determined that the specific facts alleged by Brunton—that lawyers who purported to represent a party, but didn't actually, filed pleadings on his behalf, and damaged his interests in so doing—fall within the extraordinary circumstances required by Rule 60(b)(6).  But we see no

11

need to determine whether these facts, in a timely filed Rule 60(b)(6) motion, would present a compelling enough justification for the district court to have been effectively *required* to grant it. In a well-reasoned opinion, the district court took a reasonable view of the evidence and determined, based on our precedent, that Brunton's motion failed to comply with Rule 60(c)(1)'s temporal requirement. We cannot say that this decision was an abuse of discretion. Accordingly, we affirm as to this ground.

## III. CONCLUSION

Ultimately, we conclude that the district court properly denied Brunton's motions under Rule 60(b)(4) and Rule 60(b)(6) to vacate its judgment. The district court correctly concluded that Brunton sat on his rights for too long before filing the present motion, thereby failing to comply with Rule 60(b)(4)'s requirement that a movant diligently pursue his rights. Similarly, we conclude that the district court did not commit an abuse of discretion in concluding that Brunton's Rule 60(b)(6) motion failed to comply with Rule 60(c)(1)'s requirement that it be made "within a reasonable time." Accordingly, the district court's decision is

**AFFIRMED.**

12