[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-13277

Non-Argument Calendar

_____

AMY WEISSBROD,

Plaintiff-Appellant,

*versus*

BROWARD COUNTY BOARD OF SUPERVISORS,
STATE OF FLORIDA JUDICIAL QUALIFICATIONS
COMMISSION,
JUDGE CHARLES GREENE,
Chief Adm Guardianship,
JUDGE MILY RODRIGUEZ POWELL,
JOHN P. SEILER, et al.,

Defendants-Appellees,

———————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:21-cv-60170-RAR

———————————

Before WILSON, GRANT, and BRASHER, Circuit Judges.

PER CURIAM:

Amy Weissbrod, a pro se plaintiff who is also an attorney in New York, appeals following the district court's denial of a post-judgment motion to vacate and successive motions to reconsider that ruling. Two of the defendant-appellees move for summary affirmance or to stay the briefing schedule. After careful review, we grant the motion for summary affirmance and affirm the district court's denial of Weissbrod's post-judgment motions.

I.

Court filings suggest that a guardianship proceeding was filed in the probate court for Broward County, Florida, on behalf of Weissbrod's mother in 2020.[1]

—————————————

[1] The facts set forth here are taken from the docket sheet and related information available online via the website for the Broward County Clerk's Office in the guardianship proceeding, although the entries themselves were

21-13277                Opinion of the Court                3

In January 2021, Weissbrod, proceeding pro se, filed this civil suit in the Southern District of Florida, alleging that she had been appointed as an emergency temporary guardian for her mother in the state guardianship proceedings, and that various defendants, including the two judges in the probate court, Mily Powell and Charles Greene, deprived her and her mother of various rights in violation of 42 U.S.C. § 1983 and other federal laws by engaging in racketeering activities and elder abuse through, among other things, illegal wiretapping, in court fraud and deceit, conflict of interest violations, defamation, and financial abuse. She requested various forms of legal and injunctive relief relating to the state court proceedings, including judicial disqualification, termination of guardianship, order and judgment vacation, changes to Florida state guardianship law, and monetary damages.

One day later, and prior to service of process, Weissbrod filed a self-styled "Emergency" motion and asked the district court to terminate two "illegally appointed guardians" and "Dismiss the Non-Final Broward ETG Proceeding with Prejudice as of 6-1-20 & Grant ECF Filing."

The district court denied Weissbrod's "Emergency" motion and sua sponte dismissed her complaint based on multiple grounds.

---

inaccessible. *See* Case No. PRC200001352. There was also a related probate proceeding started at some point. *See* Case No. PRC210001450. Weissbrod referred to these proceedings in her district court complaint, and the district court likewise acknowledged the docket and proceedings without objection.

First, after summarizing Weissbrod's allegations about the probate proceedings and the relief she was seeking, the district court found that she was challenging decisions of a state court and, as a result, the *Rooker-Feldman* doctrine[2] stripped it of subject-matter jurisdiction. Additionally, the district court found that Weissbrod was attempting to disqualify state court judges from a proceeding using a statute that only applied to federal judges. Next, it found that, to the extent that she was seeking damages from state court judges and court staff, those claims were barred by judicial immunity. Finally, it found that her present complaint was likewise frivolous, outside the jurisdictional bars due to *Rooker-Feldman* and judicial immunity, as she did not allege sufficient facts to satisfy Federal Rule of Civil Procedure 8. In this respect, the district court found that, as Weissbrod was an attorney,[3] it did not have to construe her filings liberally, and it could consider her history of filing frivolous litigation in New York.

The court entered an order to this effect on February 1, 2021, but without a separate judgment. Weissbrod did not appeal, instead, on July 27, 2021, more than 30 days later, she filed two motions, one to appoint a process server, and the second one to vacate the district court's original dismissal order under Federal Rule of

---

[2] *See Rooker v. Fidelity Tr. Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

[3] According to the New York Court System's database, Weissbrod was admitted to practice law in New York but is currently suspended for frivolous filings, and the district court took notice of that.

Civil Procedure 60(b). The district court entered the preceding order on August 19, 2021. It entered another order denying her leave to add defendants on August 23, 2021. She again did not immediately appeal, instead, on September 15, 2021, Weissbrod moved, under Federal Rule of Civil Procedure 59(e), for the district court to reconsider its August 2021 order denying her Rule 60(b) motion. The next day, September 16, 2021, Weissbrod refiled what looked like the same motion as her previous Rule 59(e) motion for reconsideration. In a paperless order entered on September 16, 2021, the district court denied Weissbrod's successive Rule 59(e) motion. She filed a notice of appeal on September 22, 2021.

We have dismissed Weissbrod's appeal, in part, for lack of jurisdiction. Specifically, we concluded that we have jurisdiction only over the denial of her post-judgment motions for relief.

Weissbrod, who is still proceeding pro se, argues in her initial brief that the district court improperly denied her Rule 60(b) motion to vacate the sua sponte dismissal order based on *Behr v. Campbell*, 8 F.4th 1206 (11th Cir. 2021), and denied her leave to file a repleaded amended complaint post-judgment. She does not otherwise explicitly argue that the district court erred or abused its discretion in denying her motions for reconsideration or offer any support for her contention that it improperly denied her motion to vacate.

Judges Greene and Powell move for summary affirmance or to stay the briefing schedule. They argue that Weissbrod's complaint was frivolous, that her claims were barred by judicial

immunity, the *Rooker-Feldman* doctrine barred her claims, her complaint did not meet Rule 8 standards, and her post-judgment efforts were properly denied.

## II.

Summary disposition is appropriate either where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).[4] Likewise, under our rules, we may dismiss an appeal at any time if it appears that the appeal is frivolous and wholly without merit. *See* 11th Cir. R. 42-4.

We review a district court's decision on a Rule 59(e) motion for abuse of discretion. *Jenkins v. Anton*, 922 F.3d 1257, 1263–64 (11th Cir. 2019). We will also review the denial of a Rule 60(b) motion for abuse of discretion. *Aldana v. Del Monte Fresh Produce N.A., Inc.*, 741 F.3d 1349, 1355 (11th Cir. 2014). Moreover, the scope of appellate review is fairly circumscribed and deferential, because it "does not bring up the underlying judgment for review." *See Cavaliere v. Allstate Ins. Co.*, 996 F.2d 1111, 1115 (11th Cir. 1993) (stating that the court would consider only the denial of relief as to the Rule 60(b) motion itself, not the efficacy of the

---

[4] We are bound by decisions of the former Fifth Circuit handed down before October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

underlying judgment, and that a Rule 60(b) motion cannot replace a proper and timely appeal of the district court's judgment).

When a district court's decision rests on two or more independent, alternative grounds, the appellant must challenge all the grounds to succeed on appeal. *See Sapuppo v. Allstate Floridan Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014). If, in the initial brief, an appellant fails to challenge one of the alternative grounds on which the district court based its decision, she is considered to have abandoned any such challenge, and the judgment will be affirmed on that ground. *Id.* An appellant abandons a claim when she either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority. *Id.* at 681. Simply stating that an issue exists, without providing reasoning and citation to authority that the appellant relies on, precludes our consideration of that issue on appeal. *Id.*

Pro se pleadings are generally held to a less stringent standard than pleadings drafted by attorneys and will be liberally construed. *Campbell v. Air Jam. Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014). However, when an attorney appears pro se, we do not liberally construe her proceedings. *Olivares v. Martin*, 555 F.2d 1192, 1194 n.1 (5th Cir. 1977).

Under 28 U.S.C. § 1331, district courts have subject-matter jurisdiction to hear cases involving federal questions. While the *Rooker-Feldman* doctrine prevents federal district courts from reviewing or overturning state court judgments, *Behr*, 8 F.4th at 1212, it is subject to certain limitations, *see Exxon Mobil Corp. v.*

*Saudi Basic Indus. Corp.*, 544 U.S. 280, 292–93 (2005).   But even when it does not apply, other doctrines, such as issue preclusion, abstention, or comity, may still bar a plaintiff's claims.  *Id.* at 292.

Likewise, judges "are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the 'clear absence of all jurisdiction.'" *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000).   And "[a] judge enjoys immunity for judicial acts regardless of whether he made a mistake, acted maliciously, or exceeded his authority." *McCullough v. Finley*, 907 F.3d 1324, 1331 (11th Cir. 2018).

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  The statement must "give the defendant fair notice of what the . . . claim is and the ground upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007).

After thorough review, we grant Judge Greene's and Judge Powell's motion for summary affirmance.  First, we conclude that Weissbrod has abandoned, now on appeal, any challenge to the preceding rulings.  Specifically, in her sole reference to her post-dismissal motions in her initial brief, she argues that the district court improperly denied her relief based on *Behr*, a case discussing the *Rooker-Feldman* doctrine, and that it should have allowed her to file her repleaded complaint.  She otherwise does not expressly reference or offer arguments for Rule 60(b) or Rule 59(e).

21-13277                Opinion of the Court                9

Normally, we would construe a pro se filing liberally, but as Weissbrod was a licensed attorney in New York, we do not grant her that deference.  *Olivares*, 555 F.2d at 1194 n.1.  Therefore, because Weissbrod only raises arguments about her motions to vacate and reconsider in a perfunctory manner, she has abandoned them.  *Sapuppo*, 739 F.3d at 681.

If further inquiry is warranted, we will assume the district court's reliance on *Rooker-Feldman* to dismiss Weissbrod's case may have been misplaced, at least given our recent pronouncements concerning the doctrine.  *See Behr*, 8 F.4th at 1212.  But even if true, Weissbrod did not show that she was entitled to post-judgment relief in her Rule 60(b) and Rule 59(e) motions.  Specifically, she did not challenge, in her post-judgment motions, all the independent grounds the district court relied on to dismiss her complaint and deny her "Emergency" motion in February 2021.  *See Sapuppo*, 739 F.3d at 680.  Nor did she show that, even disregarding *Rooker-Feldman*, how she could have proceeded with her claims in federal court, when they were all related to the state court proceedings.  *Id.*  She also did not show that the district court's Rule 8 determination was error.  *See id.*  Moreover, a review of the record above shows that Judges Greene and Powell enjoyed absolute immunity from suit for any judicial acts they undertook in connection with Weissbrod's state court proceedings concerning her mother.  *See Bolin*, 225 F.3d at 1239.

Additionally, although the judicial immunity arguments apply solely to the Judges Greene and Powell, the arguments about

abandonment and the Rule 8 determination apply to the other defendants here for the reasons stated above, meaning we can affirm the decision of the district court as to all the defendants, none of whom have been served yet, in the interest of judicial economy. *See Sapuppo*, 739 F.3d at 680–81.

In sum, because Judge Greene's and Judge Powell's position is clearly correct as a matter of law, we GRANT their motion for summary affirmance and DENY as moot its motion to stay the briefing schedule.  We also AFFIRM the decision of the district court as to all the other defendants.  *Groendyke Transp., Inc.*, 406 F.2d at 1162.

**AFFIRMED.**