[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-10989

Non-Argument Calendar

_____

DAVID ZAVALA,

Plaintiff-Appellant,

*versus*

COMMISSIONER TIMOTHY C. WARD,
In his individual and official capacity,
ASST COMMISSIONER RICKY MYRICK,
ROBERT TOOLE,
Director of Field Operations,
REGIONAL DIRECTOR TAYLOR,
GD&CP/SMU,
WARDEN BENJAMIN FORD,
GD&CP/SMU, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 5:19-cv-00383-TES-CHW

_____

Before WILSON, JORDAN, and BRANCH, Circuit Judges.

PER CURIAM:

David Zavala, a state prisoner proceeding *pro se*, appeals the district court's order dismissing his complaint for failure to exhaust administrative remedies. Zavala brought suit against Georgia Department of Corrections ("GDOC") prison officials (hereinafter "the GDOC Officials") under 42 U.S.C. § 1983—alleging excessive force, retaliation, conditions of confinement, due process violations, inadequate medical treatment, denial of access to GDOC's grievance procedures, and loss of personal property. He also appeals the district court's denial of his post-judgment motions under Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure and asserts that the district court improperly converted a motion to dismiss into a motion for summary judgment. The heart of Zavala's appeal, however, is that the district court erred in determining that he failed to exhaust administrative remedies for his claims. Because we agree with the district court as to all but one of Zavala's claims, we affirm in part and reverse in part.

## I.      **Background**

In 2019 Zavala filed eight grievances with GDOC related to five categories of claims: (1) excessive force; (2) due process; (3) conditions of confinement; (4) retaliation; and (5) inadequate medical care.  The warden rejected these grievances, finding in some instances that there was no evidence to support Zavala's allegations and determining in others that Zavala had raised more than one issue in a grievance, thus violating the single-issue rule which requires prisoners to limit each grievance to one issue only. Zavala subsequently filed a *pro se* complaint under 42 U.S.C. § 1983 against the GDOC Officials relating to these grievances in U.S. District Court for the Middle District of Georgia.

The GDOC Officials moved to dismiss Zavala's complaint, arguing that Zavala failed to comply with GDOC's procedures in filing most of these grievances, resulting in Zavala failing to exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA").  Although the GDOC Officials moved to dismiss seven of the claims primarily on exhaustion grounds, they conceded that Zavala "properly exhausted the grievance procedure" for Grievance Number 281515 because this grievance was forwarded to the GDOC Criminal Investigations Division for further review.  Thus, they asserted below that "the only claims [Zavala] exhausted prior to the filing of this lawsuit" were those found in Grievance Number 281515 which claimed (1) that Zavala "was subjected to an excessive [use] of force during a

cell extraction[;]" and (2) "that his constitutional [due process] rights had been violated in various ways," including being denied meals, showers, and proper cell sanitation.[1]  Accordingly, instead of moving to dismiss the claims related to Grievance Number 281515 on exhaustion grounds, the GDOC Officials argued only that the due process claims in this grievance should be dismissed for failing to state a claim.  The GDOC Officials did not argue that the excessive force claim raised in Grievance Number 281515 should be dismissed on any ground.

The magistrate judge issued a report and recommendation, recommending that the district court dismiss Zavala's complaint because he failed to exhaust his administrative remedies for all eight of his grievances.  For three of the grievances, including Grievance Number 281515, the magistrate judge determined that Zavala had failed to properly exhaust administrative remedies because he violated GDOC's single-issue rule by submitting more than one issue in each grievance.  The magistrate judge's report

---

[1] As discussed later in this opinion, it is unclear if Grievance Number 281515 actually raised any due process claims or if it raised only an excessive force claim.  The face of Grievance Number 281515 that was attached to Zavala's complaint raises an excessive force claim only.  In their motion to dismiss, the GDOC Officials submitted what they assert was an attachment to Grievance Number 281515, which raised the due process claims.  The signature date on this attachment is four days after the signature date on Grievance Number 281515, and Zavala argued below that this attachment was sent with a different grievance and did not pertain to Grievance Number 281515.  If Zavala is correct, then Grievance Number 281515 would not violate the single-issue rule.

21-10989                Opinion of the Court                5

never referenced the GDOC Officials' concession that Zavala properly exhausted Grievance Number 281515. As to the five remaining grievances, the magistrate judge determined that Zavala failed to properly exhaust his administrative remedies because he did not timely file a central office appeal for these grievances. The district court adopted the magistrate's report and recommendation and dismissed Zavala's complaint. Accordingly, it determined that Zavala failed to exhaust his claims.[2] Notably, the district court, like the magistrate judge, never referenced the GDOC Officials' concession that Zavala exhausted Grievance Number 281515.

After the district court dismissed Zavala's complaint without prejudice and entered judgment in favor of the GDOC Officials, Zavala moved to alter the judgment under Rule 59(e), which the district court denied. Zavala moved again for post-judgment relief under Rule 60(b), which the district court also denied. This appeal followed.

## II.    Standard of Review

We review the granting of a motion to dismiss *de novo*. *Georgia Elec. Life Safety & Sys. Ass'n, Inc. v. City of Sandy Springs*, 965 F.3d 1270, 1274 (11th Cir. 2020). The district court's interpretation and application of the PLRA's exhaustion requirements are also reviewed *de novo*. *Whatley v. Smith,* 898 F.3d 1072, 1082 (11th Cir.

---

[2] The district court determined that Zavala failed to exhaust Grievance Numbers 281515, 293815, and 285957 for violating the single-issue rule. It determined that Zavala failed to exhaust Grievance Numbers 283697, 282680, 285962, 288104, and 290298 for failing to file a central office appeal.

2018). "However, we review the district court's factual findings on the issue of exhaustion for clear error." *Id.* We review the denial of post-judgment relief for abuse of discretion. *Jackson v. Crosby*, 437 F.3d 1290, 1295 (11th Cir. 2006).

## III.    Discussion

On appeal, Zavala raises several arguments. He argues that the district court improperly converted the GDOC Officials' motion to dismiss to a motion for summary judgment and that the magistrate judge improperly granted the GDOC Officials' motions to stay discovery. He also argues that the district court erred in determining that he failed to exhaust his administrative remedies. We disagree with Zavala on all points except one. We agree that the district court erred in determining that Zavala failed to exhaust administrative remedies for the excessive force claim contained in Grievance Number 281515. The district court did not err, however, in determining that Zavala failed to exhaust his administrative remedies for the remainder of his claims. Accordingly, we reverse in part and affirm in part for the reasons below.

We begin by addressing Zavala's argument that the district court improperly converted the GDOC Officials' motion to dismiss to a motion for summary judgment without providing notice to Zavala by considering facts outside of his pleading. This argument is without merit. Neither the magistrate judge's report nor the district court's order adopting the report made any indication that the district court converted the motion to dismiss to a motion for

summary judgment. And the district court's order did not grant judgment in favor of the GDOC Officials. Instead, it dismissed Zavala's claims without prejudice for failure to exhaust administrative remedies. Furthermore, because PLRA exhaustion is treated as a matter in abatement rather than a judgment on the merits, a district court may consider documents outside the pleadings in resolving factual disputes at the motion to dismiss stage. *Bryant v. Rich*, 530 F.3d 1368, 1376 (11th Cir. 2008). Thus, to the extent Zavala takes issue with the fact that the district court considered documents outside of the pleadings in ruling on the motion to dismiss, the district court properly considered these documents.

Turning to Zavala's argument that the magistrate judge erred in granting the GDOC Officials' motion to stay discovery, we conclude that Zavala failed to preserve this argument because he did not object to the magistrate judge's orders staying discovery. We have held that "where a party fails to timely challenge a magistrate's nondispositive order before the district court, the party waived his right to appeal those orders in this Court." *Smith v. Sch. Bd. of Orange Cnty.*, 487 F.3d 1361 (11th Cir. 2007). Because Zavala never challenged the magistrate judge's discovery rulings with the district court, he waived his right to challenge these rulings in this Court.

We now turn to the heart of Zavala's appeal; his argument that the district court improperly determined that he failed to exhaust his administrative remedies under the PLRA.

We begin, as we must, with the statute. The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). In explaining the PLRA, we have said that "when a state provides a grievance procedure for its prisoners, as Georgia does here, an inmate alleging harm suffered from prison conditions must file a grievance and exhaust the remedies available under that procedure before pursuing a § 1983 lawsuit." *Varner v. Shepard*, 11 F.4th 1252, 1257 (11th Cir. 2021) (quotations omitted), *cert. denied*, 142 S. Ct. 1172 (2022).

The GDOC employs a two-step grievance procedure as set out in their Standard Operating Procedure No. 227.02. First, within ten days of the date the prisoner knew or should have known of the facts giving rise to his claims, a prisoner must complete a signed grievance form that legibly states the complaint and requested relief. The grievance must relate to a single issue or incident. If the grievance has more than one issue or incident, then the prison's Grievance Coordinator should reject the grievance for being procedurally barred. If the grievance is accepted, then it is investigated and reviewed by the Warden, who has forty days to render a decision. Second, if the Warden rejects the grievance, or does not render a decision within forty days, the prisoner may appeal that decision with the central office within seven days. The Commissioner of the Georgia Department of Corrections must render a decision on that appeal within 120 calendar days.

The above procedure is slightly different for grievances that allege physical force. Even when a grievance violates the single-issue rule and is therefore rejected by the Grievance Coordinator, the grievance is still forwarded to the Criminal Investigation Division (CID) for further investigation. When grievances are rejected but forwarded to the CID, the prisoner will receive the following form: "Attachment 12, Rejected: Notification of Referral to the Office of Professional Standards." When a grievance alleging physical force is accepted, however, instead of receiving Attachment 12, the prisoner will receive: "Attachment 6, Accepted: Notification of Referral to the Office of Professional Standards." Any accepted grievance forwarded to the CID is essentially exhausted.[3]

We have established a two-step process for district courts to analyze a motion to dismiss for failure to exhaust administrative remedies under § 1997e(a). *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008). At step one, a complaint is subject to dismissal if the plaintiff's factual allegations, taken as true, demonstrate a failure to properly exhaust administrative remedies. *Id.* If dismissal is not warranted at step one, the district court moves to step two and makes specific findings to resolve factual disputes and determines based on these findings whether the prisoner exhausted administrative remedies. *Id.*

---

[3] Pursuant to Standard Operating Procedure 227.02, prisoners "may not appeal accepted grievances forwarded to [CID]."

With these principles established, we turn to Zavala's argument and determine that the district court did not err in holding that Zavala failed to exhaust his administrative remedies for seven of his grievances: Grievance Numbers 293815, 285957, 283697, 282680, 285962, 288104, and 290298. With respect to two of his grievances—Grievance Numbers 293815 and 285957—the district court adopted the magistrate judge's finding at step one of the *Turner* analysis that these grievances were properly rejected by the prison for violating the single-issue rule. Indeed, the face of these grievances firmly establishes that they violate the single-issue rule because they both raise more than one issue. Grievance Number 293815 raises multiple grievances, including Zavala's assertion that he is improperly housed in an isolation cell, has had inmates throw feces on him, and the air temperature is too cold. Similarly, Grievance Number 285957 raised an excessive force claim as well as claims relating to Zavala being denied out-of-cell time, proper sanitation, and having his property taken from him at a facility where he was previously housed. Accordingly, the district court correctly determined at step one of the *Turner* analysis that Zavala failed to exhaust his administrative remedies for Grievance Numbers 293815 and 285957. We thus affirm the district court's order with respect to these grievances.

With respect to the other five grievances—Grievance Numbers 283697, 282680, 285962, 288104, and 290298—the district court adopted the magistrate's report and determined at step-two of the *Turner* analysis that Zavala failed to exhaust his administrative remedies because he never filed a central office

appeal for these grievances. In doing so, the district court found that the affidavit of Officer Johannes Goody was credible. The district court relied on Goody's declaration that he never received the appeals forms for these grievances. Based on this declaration and Zavala's history of filing grievances, the district court determined that Zavala forged the receipts of central office appeals for these grievances and "did not appeal any of these five grievances to the central office." Accordingly, the district determined that Zavala failed to exhaust his administrative remedies as to these grievances.

Upon an examination of the evidence, we determine that the district court did not commit clear error in its factual finding that Zavala did not appeal Grievance Numbers 283697, 282680, 285962, 288104, and 290298 to the central office. The district court found that Goody's affidavit was facially credible, and that Zavala had forged Goody's signature on the appeal receipts. While Zavala takes issue with these determinations and argues that the district court should have afforded him an evidentiary hearing where he could have called a handwriting expert, he never moved for an evidentiary hearing below and instead merely asserted that "[a] careful[] analysis of [his] hand writ[]ing compared to Mr. Goody's should at least [give] [him] the benefit of [the] doubt weather [sic] [Goody's] signature was forged or not" and that he was "more than willing to submit[] to a lie detector test." "[I]n the absence of a timely request for an evidentiary hearing and where the resulting order is to be a dismissal without prejudice, a district court may resolve material questions of fact on submitted papers for the

PLRA's exhaustion of remedies requirement." *Bryant v. Rich*, 530 F.3d 1368, 1377 n.16 (11th Cir. 2008). Because Zavala never moved for an evidentiary hearing, the district court was free to make its factual determinations based on the papers submitted, and it did not clearly err in reaching its conclusion that Zavala never filed appeals for Grievances 283697, 282680, 285962, 288104, and 290298. We affirm the district court's order with respect to these grievances.

The district court did err, however, with respect to Grievance Number 281515. Despite the GDOC Officials conceding below that Zavala "properly exhausted the grievance procedure" for Grievance Number 281515, the magistrate judge found that this grievance violated the single-issue rule because it contained claims for excessive force and due process violations. Grievance Number 281515, however, facially raises an excessive force claim only and was signed by Zavala on January 3, 2019. The due process claim comes from an alleged attachment to Grievance Number 281515 that Goody submitted with his affidavit. This alleged attachment to Grievance Number 281515 was signed by Zavala on January 7, 2019, four days after Zavala submitted his initial grievance. Zavala argued in his objections to the magistrate judge's report that this attachment was not part of Grievance Number 281515, but the district court failed to address this objection. And, like the magistrate judge, the district court failed to acknowledge the GDOC Officials' concession that Zavala properly exhausted this grievance.

Upon review of the record as relates to Grievance Number 281515, we determine that Zavala properly exhausted his administrative remedies with respect to his excessive force claim in this grievance. As an initial matter, the GDOC officials conceded that Zavala had properly exhausted his administrative remedies with respect to this grievance. Furthermore, the "Notification of Referral to the Criminal Investigation Division" that GDOC submitted to Zavala was Attachment 6, as opposed to Attachment 12, which indicates that GDOC accepted his grievance and did not reject it for violating the single-issue rule. And because GDOC accepted and submitted Grievance Number 281515 to the CID, it was exhausted. Thus, the district court erred in dismissing Zavala's excessive force claim in Grievance Number 281515 on exhaustion grounds. Accordingly, we reverse with respect to this claim.

Finally, Zavala appeals the denial of his Motion to Alter or Amend Judgment under Rule 59(e) and Motion for Relief from a Final Judgment under Rule 60(b). Except for Grievance Number 281515, for which we have already granted relief to Zavala, we find no abuse of discretion in the district court's orders denying these motions as relates to every other grievance. Litigants cannot use Rule 59(e) motions "to relitigate old matters, [or to] raise argument or present evidence that could have been raised prior to the entry of judgment." *Berry v. Crestwood Healthcare LP*, 84 F.4th 1300, 1313 (11th Cir. 2023) (brackets in original) (quotations omitted). Because Zavala's Rule 59(e) motion was merely a rehashing of the exhaustion arguments that he raised in opposing the motion to dismiss, the district court properly denied it. With respect to

Zavala's Rule 60(b) motion, the decision of whether to grant such a motion is "a matter for the district court's sound discretion." *Aldana v. Del Monte Fresh Produce N.A.*, Inc., 741 F.3d 1349, 1355 (11th Cir. 2014) (quotations omitted). The district court construed Zavala's Rule 60(b) motion as a motion for relief from its order denying Zavala's Rule 59(e) motion. It determined that Zavala's motion "contain[ed] the same recycled argument that he[] made several times during the process of [the] litigation: that his failure to exhaust administrative remedies should be excused." Our review of Zavala's Rule 60(b) motion confirms the district court's conclusion. Accordingly, for the same reasons discussed above, we conclude that the district court did not abuse its discretion in denying Zavala's Rule 59(e) and 60(b) motions.

**AFFIRMED IN PART, REVERSED AND REMANDED IN PART**.