[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————

No. 23-14051

Non-Argument Calendar

————————————

ANTONIO CABALLERO,

Plaintiff-Appellee,

*versus*

LEONARDO GONZÁLEZ DELLAN,

Interested Party-Appellant,

FUERZAS ARMADAS REVOLUCIONARIAS DE COLOMBIA,
a.k.a. FARC-EP, a.k.a. Revolutionary Armed Forces
of Colombia,
NORTE DE VALLE CARTEL,
SUNSTATE BANK,
MAGUS HOLDING LLC,

2                    Opinion of the Court                    23-14051

TINDAYA PROPERTIES OF NEW YORK II CORP, et al.,

                                                    Defendants.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:18-cv-25337-KMM

_____

Before NEWSOM, LUCK, and ANDERSON, Circuit Judges.

PER CURIAM:

After a district court determined that Leonardo González Dellan was an agent or instrumentality of a terrorist organization, it ordered the turnover of his assets to plaintiff Antonio Caballero. González appealed, but he then voluntarily dismissed that appeal. When the district court later determined that two similarly situated defendants were not agents or instrumentalities of the same terrorist organization, González moved for relief from the judgments against him under Federal Rule of Civil Procedure 60(b)(6). The district court denied his motion. We affirm.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

In May 2020 Caballero won a final judgment against the terrorist organization Fuerzas Armadas Revolucionarias de Colombia under the Anti-Terrorism Act, 18 U.S.C. section 2333, for FARC's

kidnapping, torture, and murder of Caballero's father. The district court awarded Caballero $135,000,000 in non-economic damages and $5,189,001 in economic damages, plus interest.

"Because of the difficulty inherent in the direct execution of a judgment against a terrorist organization," *Stansell v. Revolutionary Armed Forces of Colom.* (*Stansell II*), 771 F.3d 713, 722 (11th Cir. 2014), section 201(a) of the Terrorism Risk Insurance Act allows "the blocked assets of any agency or instrumentality of [the] terrorist party . . . [to] be subject to execution or attachment," *Stansell v. Revolutionary Armed Forces of Colom.* (*Stansell V*), 45 F.4th 1340, 1346 (11th Cir. 2022) (cleaned up). The judgment holder must "establish [a] purported agency or instrumentality[']s" status as such, which he can do via an ex-parte application to the court. *Stansell II*, 771 F.3d at 723, 729.

In November 2020, Caballero filed an ex-parte motion in the district court for a determination that González was a FARC agent or instrumentality and for a writ of garnishment against Sunstate Bank, which held González's assets. Caballero included a declaration by John Robert McBrien, a former Associate Director for Global Targeting at the Office of Foreign Assets Control, that opined González was an agent or instrumentality of FARC. "[G]iven McBrien's sworn testimony and the evidence in the record[—which included OFAC sanctions on González for a corruption scheme designed to take advantage of Venezuela's currency exchange program—], the [district c]ourt found [González] to be

an agen[t] and instrumentality of FARC." It issued a writ of garnishment to Sunstate Bank for assets in González's name.

Caballero then moved to satisfy his ATA judgment in part from González's garnished assets. González opposed the motion, arguing that he was not an agent or instrumentality of FARC and that McBrien's theory "would hold anyone who participated in Venezuela's currency exchange liable as an agency or instrumentality of the FARC." The district court granted Caballero's motion and ordered Sunstate Bank to turn over González's assets to Caballero. González appealed, but then participated in a telephonic mediation with Caballero, which resulted in a settlement filed with the district court in December 2021. González "provide[d] irrevocable notice that he" would (1) "take no action with regard" to completed turnovers; (2) "dismiss, with prejudice, his appeal"; (3) "not oppose the issuance of any writ of execution requested by Caballero"; and (4) "not oppose the distribution of funds to Caballero . . . held by the Clerk of Court." In January 2022 González moved to voluntarily dismiss his appeal without prejudice, and we ordered it dismissed.

Later, in April 2022, Caballero continued collection efforts on his ATA judgment by seeking a determination that two other individuals, Raul Gorrín Belisario and Gustavo Adolfo Perdomo Rosales, were also agents or instrumentalities of FARC. Like his motion as to González, Caballero's motion as to Gorrín and Perdomo was supported by the same McBrien sworn declaration and by evidence that Gorrín and Perdomo were sanctioned by OFAC

for a corruption scheme involving Venezuela's currency exchange program. The district court granted Caballero's motion, determining that Gorrín and Perdomo were FARC agents or instrumentalities.

But unlike González, Gorrín and Perdomo continued litigating: They moved to vacate the agency or instrumentality finding, and later moved for summary judgment, arguing that Caballero was attempting to "establish[] a connection between [them] and the FARC by cobbling together layers of unsubstantiated inferences based on hearsay." On August 21, 2023, the district court agreed and entered summary judgment for Gorrín and Perdomo, explaining that Caballero's "daisy chain style of argument" was too attenuated and suffered a "lack of evidence demonstrating any material assistance that [Gorrín and Perdomo] provided to the FARC."

On August 28, 2023, in light of the summary judgment order for Gorrín and Perdomo, González moved under Federal Rule of Civil Procedure 60(b)(6) for relief from the turnover order and final judgment in garnishment. The district court denied González's motion, reasoning that he "fail[ed] to show any extraordinary circumstances rendering him eligible for the catchall provision of [r]ule 60(b)(6)" because he hadn't "shown that absent relief a hardship, much less an 'extreme' or 'unexpected' one, would result." The district court also explained "González gave up the opportunity to continue litigating the issue of whether he [wa]s an [agent or instrumentality] of the FARC when he voluntarily dismissed his appeal of the judgments against him," because "[r]ule 60(b)(6) does

not reward a party that seeks to avoid the consequences of its own free, calculated, deliberate choices."

This is González's timely appeal.

## STANDARD OF REVIEW

"[W]e review a district court's denial of a Rule 60(b)(6) motion for abuse of discretion." *Aldana v. Del Monte Fresh Produce N.A., Inc.*, 741 F.3d 1349, 1355 (11th Cir. 2014). "Rule 60 vests wide discretion in district courts," which a district court only abuses "when it applies an incorrect legal standard, follows improper procedures, makes clearly erroneous factual findings, or applies the law unreasonably." *Mills v. Comm'r, Ala. Dep't of Corr.*, 102 F.4th 1235, 1239 (11th Cir. 2024) (cleaned up).

## DISCUSSION

González argues he, "Gorrín, and Perdomo each contested Caballero's allegations but received markedly different treatment from the district court," such that "the district court abused its discretion in denying" González rule 60(b)(6) relief.

A party seeking rule 60(b)(6) relief "has the burden of showing that absent such relief, an extreme and unexpected hardship will result." *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984) (citation omitted). To satisfy the abuse of discretion standard, "[r]ule 60(b)(6) motions must demonstrate that the circumstances are sufficiently extraordinary to warrant relief," and "[e]ven then, whether to grant the requested [r]ule 60(b) relief is a matter for the district court's sound discretion. Plaintiffs must

demonstrate a justification so compelling that the district court was required to vacate its order." *Aldana*, 741 F.3d at 1355 (cleaned up).

The district court did not abuse its discretion.  It determined González "ha[d] not shown that[,] absent relief[,] a hardship, much less an 'extreme' or 'unexpected' one, would result."  González does not contest that finding on appeal, so he has conceded that he failed to meet his burden to show an extreme and unexpected hardship would occur absent rule 60(b)(6) relief.  *Griffin*, 722 F.2d at 680; *United States v. Campbell*, 26 F.4th 860, 871 (11th Cir. 2022).  Instead, González argues the district court "overlooked the substantial harm that comes from the unique nature of TRIA and ATA cases and the impact" on González from "being marked as an 'agen[t] or instrumentality' of a terrorist organization," but nowhere in his rule 60(b)(6) motion, brief, or reply brief did González develop arguments about that harm, so it is abandoned.  *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004) ("[A]n issue not raised in the district court and raised for the first time in an appeal will not be considered." (cleaned up)).

González's failure to argue hardship is dispositive, but even if he hadn't forfeited this issue there's a second reason the district court did not abuse its discretion in denying him relief under rule 60(b)(6):  Unlike Gorrín and Perdomo, González voluntarily dismissed his appeal challenging his designation as a FARC agent or instrumentality and gave irrevocable notice of his non-objection to turnover of his assets.  As the district court explained, "[r]ule 60(b)(6) does not reward a party that seeks to avoid the

consequences of its own free, calculated, deliberate choices." *Aldana*, 741 F.3d at 1357 (citation omitted).

González argues the district court misapplied *Aldana*. He contends that in *Aldana* rule 60(b)(6) relief was unavailable because the "[p]laintiffs had a strategic reason" for not "contest[ing] the availability" of a foreign forum when the district court dismissed their claim for *forum non conveniens*; "[t]his type of gamesmanship" precluded their attempt to later "raise the argument anew" in their motion for relief. *Id.* González argues his case is different because "[u]nlike the plaintiffs in *Aldana*, [he] vigorously and consistently pursued all of his legal and factual claims before the district court[.]" But he omits that in *Aldana* we denied relief "for two independent reasons," the second being that the plaintiffs "failed to pursue reasonable appellate options." *Id.* at 1359. González focuses on *Aldana*'s first reason, but fails to distinguish its second, independent reason: Under rule 60(b), "a party remains under a duty to take legal steps to protect his own interests." *Id.* at 1357–58 (cleaned up).[1] Like the plaintiffs in *Aldana*, González made the free

---

[1] González also argues *Aldana* supports his case because the district court's summary judgment order for Gorrín and Perdomo "was the type of 'unforeseeable' legal development identified by *Aldana* as an extraordinary factor meriting relief under [r]ule 60(b)." Notwithstanding the fact that this argument addresses *Aldana*'s first reason, *see Aldana*, 741 F.3d at 1357 (explaining that "failure to argue unavailability [of a foreign forum] would [not] necessarily foreclose [r]ule 60(b)(6) relief" if "unavailability [wa]s unforeseeable," because then the omission wouldn't amount to strategic gamesmanship), and does not address or distinguish *Aldana*'s second, independent reason for denying rule

23-14051                Opinion of the Court                9

and deliberate choice to relinquish his assets and to not contest his status as a FARC agent or instrumentality when he voluntarily dismissed his appeal and gave irrevocable notice of his non-objection. *See Cavaliere v. Allstate Ins. Co.*, 996 F.2d 1111, 1115 (11th Cir. 1993) ("The well-recognized rule precludes the use of a [r]ule 60(b) motion as a substitute for a proper and timely appeal." (cleaned up)).

## CONCLUSION

González conceded a dispositive issue of his case and voluntarily abandoned his previous appeal. We therefore conclude that the district court did not abuse its discretion in denying him rule 60(b)(6) relief.

**AFFIRMED**.

---

60(b)(6) relief, González forfeited this argument by failing to make it to the district court. *Access Now, Inc.*, 385 F.3d at 1331.